CHAPMAN, administrator, *v.* AYER *et al.*

95  581
111  857
95  581
120  893
95  581
130  688

1. Where one loaned money to another, for which the latter gave a promissory note payable on a specified day in the future, and to secure its payment gave a deed to land worth considerably more than the amount of the note, at the same time taking from the lender a bond for titles conditioned for a reconveyance of the land upon the payment of the note, there being in the bond a recital of the terms of the note, followed by the words, " time being the essence of the contract," these writings, taken all together and fairly construed, did not, of themselves alone, amount to a conclusive and binding contract between the parties to the effect that if the note was not promptly paid at maturity the security deed should become an absolute deed of sale so as to prevent the borrower from afterwards redeeming the land by full payment of the note.   Under these circumstances the right of redemption was not lost or defeated by the mere fact that the note remained unpaid after its maturity, and such right still existed, unless after maturity and non-payment the parties actually contracted to the contrary.

2. The borrower having died and her administrator having brought against the lender an action for the purpose of establishing the title of the intestate to the land, and the balance due upon the note, after deducting certain credits thereon, having been paid into court for the lender's use, and the evidence for the plaintiff being such that the jury might have inferred that the borrower had never in fact relinquished the right to redeem the land by

paying the debt, and also that there had never been an actual agreement by which the security deed became converted into a deed of absolute sale, it was error to grant a nonsuit.

February 27, 1895.

Equitable petition. Before Judge HARDEMAN. Bibb superior court. April term, 1894.

ALEXANDER PROUDFIT, for plaintiff.

J. L. GERDINE, for defendants.

SIMMONS, Chief Justice.

It appears from the record, that Anna Chapman, on June 3, 1892, gave her note to Thomas A. Ayer for $142.40, payable December 12, 1892, and to secure its payment executed a deed to a lot of land in the city of Macon, taking at the same time a bond from Ayer, conditioned for a reconveyance of the land upon the payment of the note. In the bond a recital of the terms of the note was followed by the words: "Time being the essence of the contract." The note was not paid at the time it fell due. Subsequently the maker of the note died, and Ayer commenced proceedings by dispossessory warrant to oust her administrator from the land covered by the deed. The administrator thereupon filed his petition in the superior court, praying for injunction, etc., and setting up, among other things, that the deed was given only as security for a debt, and offering to pay the debt in full. Upon interlocutory hearings, it was ordered that the injunction be granted on condition that the petitioner, within ten days from December 29th, 1893, tender to Ayer $124.09, the same being the amount found to be due him by plaintiff's intestate; that should Ayer refuse to accept that sum, it should be deposited with the clerk of the court until the case should be finally disposed of. Under this order the clerk gave a receipt to the plaintiff on January 8, and received the amount specified in the order. At the final trial, upon

the submission of evidence by the plaintiff, the court granted a nonsuit.

1. The main question argued before us was, whether or not the stipulation as to time being of the essence of the contract rendered the deed absolute upon the failure of the debtor to pay the note at maturity. Giving full effect to this stipulation, we think the most it can be taken to mean is, that time was of the essence so far as compliance with the conditions of the bond was concerned; that is to say, that the obligor was bound to reconvey promptly upon the payment of the note, if the note should be paid punctually at the time appointed. It does not necessarily follow that it was intended that a failure to pay promptly, even though it put an end to the obligation of the bond, should also have the effect to render the security deed an absolute deed of sale, so as to prevent the debtor from afterwards redeeming the land by payment of the debt. If the bond was rendered void by the failure of the debtor to pay promptly, the debtor was not thereby placed in a worse position than she would have occupied if no bond to reconvey had been given; and the fact that no such bond is given does not render a deed given merely as security for a debt, anything more than a mere security. Indeed, no reconveyance is necessary to revest title, where land has been conveyed to secure a debt, a cancellation of the deed, as in the case of mortgages, being sufficient for that purpose. (Acts 1889, p. 118.) Even if an agreement made at the time of the execution of the deed could have the effect of rendering the conveyance absolute upon the failure of the maker to pay the debt at the time agreed upon, it could not have that effect unless it appeared clearly and unequivocally from the terms of the contract that the parties so intended. "Forfeitures are abhorred in equity and are never favored in law," and a contract will not

be construed so as to work a forfeiture, unless the terms. of the contract plainly require such a construction. It is not at all likely that the parties to this contract intended that the land conveyed—which according to the evidence was worth several times the amount of the debt—should vest absolutely in the creditor upon the failure to pay the debt on the day it fell due; and the terms of the contract do not make it clear that they so intended. See Code, §2295; *Taylor* v. *Baldwin*, 27 *Ga.* 441; *McDaniel* v. *Gray*, 69 *Ga.* 433; Bishop on Contracts, §§417, 418. As to the validity of such agreements, see 1 Jones on Mortgages (4 ed.), §§450, 451.

2. The evidence for the plaintiff being such that the jury might have inferred that the debtor never in fact relinquished the right to redeem the land by paying the debt, and also that there had never been an actual agreement by which the security deed became converted into a deed of absolute sale, it was error to grant a nonsuit..

*Judgment reversed.*