45004.   FROST v. GAZAWAY et al.
45005.   FROST v. ELDER, Clerk, et al.

ARGUED JANUARY 6, 1970—DECIDED JUNE 16, 1970—
REHEARING DENIED JULY 24, 1970.

246

*Spivey & Carlton, Milton A. Carlton,* for appellant.

*Heyman & Sizemore, W. Dan Greer, Neal H. Ray, H. W. Davis, John A. Darsey, J. N. Rainey,* for appellees.

QUILLIAN, Judge. In order to sustain an action for declaratory judgment, the legal representative of a necessary party must be included. *Burgess v. Burgess,* 210 Ga. 380, 382 (80 SE2d 280). "No declaration shall prejudice the rights of persons not parties to the proceeding." *Code Ann.* § 110-1106 (Ga. L. 1945, pp. 137, 138; 1959, pp. 236, 237). A necessary or indispensable party is essential to give a court jurisdiction of the cause. For without the inclusion of such party, no decree can be entered in favor of the complainant. See *Sowell v. Sowell,* 212 Ga. 351 (92 SE2d 524); *Kenner v. Kenner,* 214 Ga. 381 (3) (104 SE2d 896).

The instant complaint inculcates two principal questions. One is whether the counterclaim filed by the defendant executrix in the other suit pending in Jackson County was without foundation. It has been held that: "a declaratory judgment will not be rendered to give an advisory opinion in regard to questions arising in a proceeding pending in a court of competent jurisdiction, in which the same questions may be raised and determined." *Kiker v. Hefner,* 119 Ga. App. 629, 631 (168 SE2d 637). See *Darnell v. Tate,*

206 Ga. 576 (2) (58 SE2d 160). Even if this were not true, no ruling with regard to such counterclaim would have any efficacy without including the executrix as a party.

The other question raised by the prayers is whether the cancellation was valid or in fact fraudulently obtained or if the cancellation entered by the clerk was not accompanied by the original security deed. Simply stated, the issue involves whether the cancellation should be declared invalid and therefore set aside.

The surrendering and cancellation of a security deed will operate to reconvey title in the property to the grantor. *Citizens Bank of Moultrie v. Taylor,* 155 Ga. 416 (3) (117 SE 247); *Waldroup v. State,* 198 Ga. 144, 146 (30 SE2d 896, 153 ALR 914); *Hennessy v. Woodruff,* 210 Ga. 742, 744 (82 SE2d 859); *Chapman v. Ayer,* 95 Ga. 581, 583 (23 SE 131). Hence, seeking a declaration that the cancellation was invalid would place in question the deceased's title to the property and his rights as grantor to convey the property which under the cited authority had been reconveyed by the cancellation. A judgment to that effect would operate to divest the deceased's estate of valuable rights. As legal representative of the deceased's estate, the defendant executrix was indispensable to a determination of such issue.

We therefore are compelled to find that once the defendant executrix was removed from the case by the dismissal of the complaint as against her, no valid declaratory judgment could be entered. Thus, the appeals from the judgments dismissing the other defendants are rendered moot.

*Appeals dismissed. Bell, C. J., and Whitman, J., concur.*