46186.   NORFOLK & DEDHAM MUTUAL FIRE INSURANCE COMPANY v. JONES et al.

Argued May 5, 1971—Decided October 1, 1971—
Rehearing denied November 3, 1971—

762

*Lee & Hitchcock, William S. Lee,* for appellant.

*D. C. Campbell, Jr., Thad Gibson, Burt & Burt, Donald D. Rentz, H. P. Burt, Divine, Busbee & Wilkin, W. T. Divine, Jr.,* for appellees.

QUILLIAN, Judge. 1. Plaintiff alleged that a justiciable controversy existed, and that the court should take jurisdiction of such controversy and declare the rights and legal relations of the parties so that the plaintiff might be relieved from uncertainty and insecurity in respect to its rights, status and future conduct. While some of the defendants to this action admitted these allegations, the defendants Katrina and Ralph Jones in their answer denied the same. See Section 8 (b) of the Civil Practice Act (*Code Ann.* § 81A-108 (b); Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230).

2. As movant for summary judgment the plaintiff had the burden to establish as a matter of law whether he was entitled to a declaratory judgment. A declaratory judgment may not be granted where the rights of the parties have already accrued and there are no facts or circumstances showing that an adjudication of the plaintiff's rights is necessary in order to relieve it from the risk of taking any future undirected action, which action without direction would jeopardize its interest. See *Pinkard v. Mendel,* 216 Ga. 487 (2) (117 SE2d 336). Furthermore, "a declaratory judgment will

not be rendered to give an advisory opinion in regard to questions arising in a proceeding pending in a court of competent jurisdiction, in which the same questions may be raised and determined." *Kiker v. Hefner,* 119 Ga. App. 629, 631 (168 SE2d 637). See *Frost v. Gazaway,* 122 Ga. App. 244, 246 (176 SE2d 476). In this case it affirmatively appears that the same questions to be determined are raised in other pending cases. Moreover, the plaintiff here is not faced with any dilemma with regard to the course it should pursue but seeks confirmation of what it has already done in the past. Hence the holding in *Farmers Union Warehouse of Metter v. Bird,* 224 Ga. 842 (165 SE2d 148), is controlling here. See *U. S. Fidel. &c. Co. v. Bishop,* 121 Ga. App. 75, 77 (172 SE2d 855), and *Employers Liab. Assurance Corp. v. Berryman,* 123 Ga. App. 71, 72 (179 SE2d 646). See also *Gant v. State Farm Mut. Auto. Ins. Co.,* 109 Ga. App. 41 (134 SE2d 886). The trial judge properly denied the motion for summary judgment.

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*