*William S. Lewis*, for appellee.

### 77278. FORTSON v. KISER et al.
(373 SE2d 842)

DEEN, Presiding Judge.

The appellant, Walter Fortson, as counsel for John Garner, filed a civil action against the appellees in the State Court of Gwinnett County. Fortson subsequently withdrew as counsel, and the appellees later were granted summary judgment. The appellees then moved for attorney fees to be assessed against both Garner and Fortson, pursuant to OCGA § 9-15-14. Fortson filed a petition for declaratory judgment in the state court, but voluntarily dismissed it when the appellees challenged the state court's power to hear such a petition. Fortson then filed a new petition for declaratory judgment in the superior court. The superior court eventually dismissed the petition on the basis that the state court could and should determine the issues presented in the petition, and this appeal resulted. *Held*:

1. "It is well established that '(w)here the questions to be answered are legal ones determinable in another proceeding then in progress between the same parties, in a court having jurisdiction to determine them, the court will ordinarily refuse to entertain a declaratory judgment proceeding. [Cit.]' *Darnell v. Tate*, 206 Ga. 576, 581 (58 SE2d 160) (1950)." *Tennessee Farmers Mut. Ins. Co. v. Wheeler*, 170 Ga. App. 380, 381 (317 SE2d 269) (1984). Fortson expressed two concerns in seeking declaratory judgment: (1) his withdrawal as counsel from Garner's action against the appellees should preclude an award against him for attorney fees under OCGA § 9-15-14; and (2) he was unable to defend against the appellees' claim for attorney fees without revealing information protected by the attorney-client privilege. Both issues are legal ones, and the state court has jurisdiction to determine them; accordingly, the superior court did not err in refusing to entertain the declaratory judgment petition. OCGA § 9-4-2 (c) authorizes relief by declaratory judgment even where the complaining party has other adequate legal remedies, but, contrary to Fortson's contention on appeal, that statute obviously does not require the availability of such relief.

2. The appellees' motion for imposing on Fortson a penalty for filing a frivolous appeal, pursuant to Rule 26 (b) of the Rules of the Court of Appeals, is denied.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED OCTOBER 3, 1988.

*W. Roy Mays III*, for appellant.
*Phillip S. McKinney*, for appellees.