A90A1568. SKALAR/SEAMARK, INC. v. SKALAR USA, INC.
(401 SE2d 595)

POPE, Judge.

Skalar USA, Inc., entered into a written agreement with Skalar/Seamark, Inc. ("Seamark") whereby Seamark was granted the exclusive right to market Skalar's products in the United States. On December 19, 1989, Skalar notified Seamark of its intention to terminate the contract on March 30, 1990. When a controversy arose between the two parties concerning whether Skalar had a right under the contract to terminate, Seamark filed a complaint against Skalar for breach of contract and a motion for a temporary restraining order. Three days later, on February 19, 1990, Skalar filed an action for declaratory judgment and injunctive relief requesting the court to declare it had a right to terminate the contract and to enjoin Seamark from further use of Skalar's name. The declaratory judgment action was served on Seamark's agent on February 20, 1990.

Skalar also filed a motion for preliminary injunction and a hearing date for the motion was set for March 6. The record shows the trial court combined the two cases for a hearing on Skalar's motion for preliminary injunction and Seamark's motion for temporary restraining order. After the hearing the trial court issued a final order in the declaratory judgment case finding Skalar had a right to terminate the contract and granting judgment to Skalar. We agree that the trial court violated OCGA § 9-4-5 by treating the hearing on the preliminary motions as a trial on the substance of the declaratory judgment complaint and ordering final judgment in the action. According to that statute, a declaratory judgment action may not be tried earlier than 20 days after service is perfected unless the parties consent in writing to an earlier trial date. In this case, the hearing on the preliminary motions was held only 14 days after service of the declaratory judgment action and no consent to early trial is contained in the record.

1. We disagree with Skalar's argument that the issues to be decided in the preliminary motions were identical to those at issue in the declaratory judgment action so that Seamark is estopped to further contest the issues. The motion for temporary restraining order filed in Seamark's related breach of contract claim is not in the record on appeal and thus we have no record of the issues presented by that motion. However, the motion for preliminary injunction filed in Skalar's declaratory judgment action relates only to the issue of whether Seamark should be enjoined from using Skalar's trade name until the final adjudication of the case. To rule on this motion it was unnecessary to adjudicate the merits of the declaratory judgment action. The issue raised in Skalar's motion does not require a finding of whether Skalar rightly or wrongly terminated the contract because the contract contains a clause requiring Seamark to cease using Skalar's name immediately upon termination regardless of whether termination is justified and regardless of any claim by Seamark for wrongful termination or breach.

We also reject Skalar's argument that the declaratory judgment action it brought is moot and the judgment entered in the action is not appealable because it presents identical issues to those raised in the related claim for breach of contract filed by Seamark. Although the trial court could have dismissed the declaratory judgment action on the ground that the issues raised were determinable in a pending action between the same parties (see *Fortson v. Kiser*, 188 Ga. App. 660 (373 SE2d 842) (1988)), it was not required to do so. See OCGA § 9-4-2 (c).

2. We reverse the trial court's order holding that the agreement could be terminated without cause because, as indicated in Division 1, a separate trial on the merits of the declaratory judgment action must be held.

*Judgment reversed. Beasley and Andrews, JJ., concur.*

Decided January 31, 1991.

*Webb, Fowler & Tanner, Anthony O. L. Powell*, for appellant. *Davidson & Fuller, Stephen P. Fuller*, for appellee.