## A93A2579. COTTON v. BANK SOUTH, N.A.

(440 SE2d 704)

BIRDSONG, Presiding Judge.

Gloria Cotton appeals pro se the order of the superior court granting appellee/plaintiff Bank South, N.A.'s motion for summary judgment.

Tom Cotton, the husband of appellant, filed a Chapter 12 voluntary bankruptcy petition before the United States Bankruptcy Court for the Middle District of Georgia, Macon Division. Appellee bank, as a creditor, filed timely proof of claim and objections to the debtor's plan, and moved to dismiss the bankruptcy case. A contest developed regarding indebtedness on a certain loan to which Gloria Cotton's name had been forged purportedly by an officer of the bank who apparently was federally prosecuted thereafter on divers counts. The bankruptcy court directed the parties to attempt to arrive at a settlement. Although the record fails to establish that Gloria Cotton, in fact, was represented by counsel at the ensuing hearing, she did agree, during preliminary negotiations occurring out of court, to sign a broad covenant not to sue Bank South. Her contentions are undisputed that she entered this agreement *solely* to enable her husband to reach settlement with Bank South regarding the latter's creditor claims, and apparently on the broad condition that the bank would treat her husband fairly. At the hearing, an attorney, who appellant claims was there solely to determine whether he would represent her in any subsequent suit against the bank, stated in open court that he represented appellant and that she consented to the settlement agreement.

Appellant, although present, did not object to this announcement. The settlement agreement, which included the covenant not to sue the bank, subsequently was reduced to writing; however, Tom Cotton on advice of new counsel attempted to withdraw his motion for approval of settlement and requested voluntary dismissal of the bankruptcy action pursuant to 11 USC § 1208 (b). The bankruptcy court stayed the request for case dismissal, thereafter approved the settlement agreement, and ruled that the bankruptcy case would not be dismissed until Tom Cotton complied with the terms of settlement. The United States District Court for the Middle District of Georgia affirmed the bankruptcy court's order; Tom Cotton appealed to the United States Court of Appeals, Eleventh Circuit.

While Tom Cotton's appeal was pending before the United States Court of Appeals, Bank South filed suit in the Superior Court of Jackson County for specific performance of the settlement agreement and for declaratory judgment against Gloria Cotton. Gloria Cotton steadfastly had refused to sign the covenant not to sue, because she contends no attorney was authorized to represent her in the proceeding where settlement was announced, and apparently because of her subsequent discovery of certain previous, undisclosed conduct of Bank South directed toward her and her husband. This case subsequently was transferred to the Superior Court of Gwinnett County.

The settlement agreement is averred in the specific performance count of appellee bank's complaint as being "binding" on Bank South, appellant's husband and appellant and, as being sufficiently definite in its terms to be specifically enforceable by a court of equity. It was further averred in the specific performance count that Bank South is "entitled" to a judgment requiring specific performance of the settlement agreement; the relief sought included that of requiring defendant to execute the covenant not to sue, and of requiring her to abide by the terms thereof to refrain from asserting any claim or initiating any litigation against Bank South as provided for in the covenant not to sue. In its alternative count for declaratory judgment, appellee bank averred, inter alia, that it was "entitled to a declaration that the [appellant] would be in breach of the settlement agreement and the covenant not to sue if she initiated suit or made any claims contrary to the terms of the covenant not to sue." Appellant answered and asserted certain counterclaims, including counts of civil RICO and slander against appellant allegedly arising out of the transaction to which the settlement agreement pertained. The superior court elected not to address Bank South's claim for specific performance because it could afford complete relief by granting a declaratory judgment and by dismissing appellant's counterclaims with prejudice, and granted the bank's motion for summary judgment as to the declaratory judgment's count. The superior court also dismissed appellant's

counterclaims with prejudice. Subsequently, the United States Court of Appeals reversed the rulings of the bankruptcy court and district court in the bankruptcy case of Tom Cotton. *Held*:

1. In considering appellant's enumerations of error, we are guided by the general rule that "[p]ro se pleadings are held to less stringent standards than pleadings that are drafted by lawyers" (*Thompson v. Long*, 201 Ga. App. 480, 481 (1) (411 SE2d 322)), and by the statutory provision that "[w]here it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing . . . what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding . . . that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed." OCGA § 5-6-48 (f).

2. Because the trial court apparently exercised its discretion (compare *Skalar &c. v. Skalar USA*, 198 Ga. App. 401 (2) (401 SE2d 595) with *Fortson v. Kiser*, 188 Ga. App. 660 (1) (373 SE2d 842)) not to postpone these proceedings as a matter of comity, pending the outcome of the appeal of Tom Cotton to the United States Court of Appeals, we are required to determine the effect of the subsequent judgment of the United States Court of Appeals reversing the rulings of the bankruptcy court and district court, and holding that the voluntary bankruptcy case (the case to which the settlement agreement here at issue pertains) should have been dismissed pursuant to the plain language of 11 USC § 1208 (b). See generally *Cotton v. Bank South, N.A.*, 992 F2d 311 (11th Cir. 1993).

3. We find that the trial court erred in granting declaratory judgment to appellee bank for two distinct reasons: first, because declaratory judgment was not a viable remedy under the attendant circumstances and, second, because the settlement agreement was void.

(a) A petition for declaratory judgment will lie only when there be some fact or circumstances which necessitate a determination of disputes, not merely for the purpose of enforcing accrued rights, but in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize his interest. *Sentry Ins. v. Majeed*, 194 Ga. App. 276, 278 (2) (390 SE2d 269), aff'd 260 Ga. 203 (391 SE2d 649). "As movant for summary judgment the plaintiff had the burden to establish as a matter of law whether he was entitled to a declaratory judgment. A declaratory judgment may not be granted where the rights of the parties have already accrued and there are no facts or circumstances showing that an adjudication of the plaintiff's rights is necessary in order to relieve it from the risk of taking any future undirected action, which action without direction would jeopardize its interest." *Norfolk &c. Mut. Fire Ins. Co. v.*

*Jones*, 124 Ga. App. 761, 763 (2) (186 SE2d 119). In this instance, the record reveals that appellee bank consistently has taken a firm position that the settlement agreement was enforceable and, in fact, petitioned the superior court for the equitable relief of specific performance. In doing so, appellee bank claimed not only that the settlement agreement was valid and binding on appellant, but also conceded in its pleadings that the agreement was "sufficiently definite in its terms" to be enforceable in equity. In such circumstances, declaratory judgment is not appropriate as appellee bank has not been "walking in the dark," but rather has "otherwise taken a firm position as to their rights," under the settlement agreement. (Emphasis omitted.) *Sentry Ins.*, supra at 278.

Additionally, it appears that appellee bank brought the alternative action for declaratory judgment merely to test the viability of its defense arising from the covenant not to sue contained in the terms of the settlement agreement. Declaratory judgment is not available to a party merely to test the viability of its defenses. *Sentry Ins.*, supra at 276; see *Allstate Ins. Co. v. Shuman*, 163 Ga. 313, 316 (4) (293 SE2d 868) and cases cited therein. Appellee bank was "not faced with any dilemma with regard to the course it should pursue but seeks confirmation of what it has already done in the past" (*Norfolk*, supra at 764 (2)), that is, judicial confirmation, through the specific enforcement of the terms of the settlement agreement. What appellee bank in essence is seeking is an advisory opinion as to the legitimacy of its covenant not to sue defenses.

For each of these reasons, the trial court erred in granting declaratory judgment to appellee bank, which as movant failed to carry its burden of showing that, as a matter of law, it was entitled to declaratory judgment. *Norfolk*, supra.

(b) The settlement agreement was void and therefore is unenforceable.

Although courts do not ordinarily scrutinize the merits of compromise, "a long line of cases has required that settlements [under the Bankruptcy Code] be approved by the court." Norton Bankruptcy Law & Practice, § 28.07.50, Preconfirmation, citing, inter alia, *Protective Committee &c. v. Anderson*, 390 U. S. 414 (88 SC 1157, 20 LE2d 1). "[T]he court must actually pass on the proposed settlement." Norton, supra at § 28.07.75, Procedures; see Federal Rules of Bankruptcy Procedure, § 9019 (a). In this case, the bankruptcy court stayed Tom Cotton's request for voluntary dismissal of the bankruptcy case and subsequently determined the parties had reached a binding settlement and that Tom Cotton could not unilaterally rescind that agreement. It then approved the settlement agreement. In concluding that the trial court erred, the United States Court of Appeals pertinently held: "Cotton and the bank were in controversy over the amount of

the bank's secured claim. . . . It was later discovered that [the bank officer involved] committed certain wrongful acts, some of which were related to Cotton's account. Shortly before the scheduled hearing on Cotton's motion for approval of the settlement, Cotton learned that the bank had obtained a judgment against the officer. He asserts that he would not have agreed to the settlement if he had known this earlier. Although the bank might dispute his allegations, *Cotton was entitled to a dismissal* under the statute, *whereupon the bankruptcy court would lose jurisdiction of any controversy between Cotton and the creditor bank.* . . . There was no evidence . . . of fraud [on the part of Cotton] which would justify converting this proceeding to an involuntary bankruptcy. *The only thing the court considered was whether Cotton was bound by the settlement agreement. Whether he was or not could not be decided by the bankruptcy court once there was a legal request for dismissal.* The bankruptcy court should have . . . dismissed the case upon the debtor's request." (Emphasis supplied.) *Cotton*, supra at 313. As the bankruptcy court lost jurisdiction over the controversy, it did not have authority to approve the settlement agreement, and said agreement became null and void — it remaining merely a proposed claim settlement under the Bankruptcy Act.

Additionally, the dismissal of the case would per force render invalid and unenforceable any settlement agreement based upon the existence of such a suit. The Superior Court of Gwinnett County recognized in its order that the consideration for the settlement agreement was the mutual promises of Bank South and Mrs. Cotton; Mrs. Cotton promised to release the bank from any claims "in return" for the bank's promise "to reduce its claim in bankruptcy against Mrs. Cotton's husband [*and* to] withdraw its motion to dismiss Mr. Cotton's bankruptcy case." In view of the decision of the United States Court of Appeals, it is apparent that appellee bank cannot fulfill its promises consistent with the intent of the participants in the settlement negotiations.

Finally, we also find that in view of the holding of the United States Court of Appeals, appellee bank could not directly enforce this settlement agreement before any federal court in the Eleventh Circuit. To enforce this settlement agreement in state court would allow appellee bank to do indirectly that which the law would not allow to be done directly. This we cannot allow either as a matter of law (cf. *Kingsmill Village &c. Assn. v. Homebanc &c. Bank*, 204 Ga. App. 900, 902 (2a) (420 SE2d 771)) or comity.

*Judgment reversed. Pope, C. J., and Andrews, J., concur.*

On Motion for Reconsideration.

The motion for reconsideration is hereby denied. *In re Nelson Co.*, 117 B.R. 813 (Bkrtcy.E.D.Pa. 1990) and *In re Tidewater Group*, 8 B.R. 930 (Bkrtcy.N.D.Ga. 1981), cited by appellee Bank South, N.A., are inapposite. Neither of these cases involve an attempt by a creditor/litigant to hold the wife of the debtor/litigant to the terms of a non-court approved settlement agreement when the approval or disapproval of the agreement can no longer be pending before the lower court due to a compelled dismissal of the bankruptcy case. Also, neither of these cases involves a situation where a federal circuit court issued an opinion in essence holding that the lower federal court lacked jurisdiction to determine whether the parties were bound by the settlement agreement. We conclude that once the higher federal court announced its appellate decision, the issue of court approval of the settlement agreement was no longer "pending" below, within the meaning of *In re Nelson Co.*, supra, and *In re Tidewater Group*, supra.

We adhere to our determination that, under the attendant circumstances, this particular settlement agreement is null and void, and particularly that it is unenforceable as to Mrs. Cotton. Moreover, this is not a case where the parties are estopped to deny the validity of their proposed settlement agreement due to the detrimental reliance thereon by third-party creditors. We also adhere to our additional determination that, in the interests of comity, we will not enforce this particular settlement agreement whether or not it is null and void in law.

*Motion for reconsideration denied.*

Decided January 28, 1994 —
Reconsideration denied February 10, 1994 — 

Gloria Cotton, *pro se.*
*Kilpatrick & Cody, Craig E. Bertschi, Thomas C. Harney*, for appellee.