Court of Appeals
of the State of Georgia

 ATLANTA,____________________
 February 01, 2017

The Court of Appeals hereby passes the following order:

A17D0243. TAYLOR INVESTMENT PARTNERS, II, LLC et al. v. MOE’S
 FRANCHISOR LLC.

 Taylor Investment Partners, II, LLC, Ansley, LLC, and TIP II – Suburban, LLC
(collectively, “the Defendants”) filed this application for discretionary appeal from
the trial court’s order purporting to grant a temporary restraining order in favor of
Moe’s Franchisor LLC (“Moe’s”). For reasons that follow, we find this order subject
to direct appeal pursuant to OCGA § 5-6-35 (j).
 Moe’s purported to file a petition for “Interlocutory and Permanent Injunction
and Temporary Restraining Order” in superior court, seeking to stop the Defendants
from operating two Moe’s franchises. Moe’s argued that the franchise agreements had
terminated and that Defendants had failed to comply with their post-termination
obligations. Moe’s petitioned the trial court to enjoin the Defendants from continued
operation as Moe’s franchisees, return Moe’s material, allow Moe’s to enter the
premises to remove tangible assets, and provide an accounting to Moe’s.
 Thereafter, Moe’s sought a temporary restraining order requiring the
Defendants to immediately cease operating Moe’s franchises and ordering the
Defendants to “immediately de-identify the Restaurants from the Moe’s brand.”
Following a hearing, the trial court granted the motion. In a nine-page order drafted
by counsel for Moe’s, the trial court found inter alia that a termination provision in
the franchise agreement was legally enforceable. The trial court thus ordered the
Defendants to immediately cease operating the Moe’s franchises and to return Moe’s
material. The trial court ruled that its order would remain in effect for 30 days. The
Defendants filed this discretionary application from the trial court’s ruling.
 In construing pleadings, this Court looks to the substance of the pleading rather
than its nomenclature. See Dolinger v. Driver, 269 Ga. 141, 142 (498 SE2d 252)
(1998). According to its nomenclature, Moe’s petition sought injunctive relief and/or
a temporary restraining order. An injunction generally is defined as a court order
prohibiting action. See State v. Davis, 339 Ga. App. 214, 217 (793 SE2d 507) (2016).
Crawford v. Dammann, 277 Ga. App. 442, 449 (4) (a) (626 SE2d 632) (2006). A
temporary restraining order generally serves to maintain the status quo for up to 30
days to prevent immediate, irreparable harm. See OCGA § 9-11-65 (b). In requesting
a ruling on the enforceability of the franchise agreement, Moe’s pleading is more
properly characterized as a petition for declaratory judgment than a request for
injunctive relief or a temporary restraining order. See, e. g., Skalar/Seamark, Inc. v.
Skalar USA, Inc., 198 Ga. App. 401, 401 (1) (401 SE2d 595) (1991) (where
corporation filed declaratory judgment action on enforceability of a termination
clause, the trial court erred in resolving the ultimate issue following a preliminary
hearing for injunctive relief). As the trial court’s order, in substance, was a final order
granting Moe’s the relief it sought, we find that the order is subject to direct appeal.
See Dolinger, 269 Ga. at 142 (2).
 We will grant an otherwise timely application for discretionary appeal if the
lower court’s order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly,
this application is hereby GRANTED, and the Defendants shall have ten days from
the date of this order to file a notice of appeal with the trial court. If they have
already filed a timely notice of appeal in the trial court, they need not file a second
notice. The clerk of the trial court is DIRECTED to include a copy of this order in
the record transmitted to the Court of Appeals.
 Court of Appeals of the State of Georgia
 Clerk’s Office, Atlanta,____________________
 02/01/2017
 I certify that the above is a true extract from
 the minutes of the Court of Appeals of Georgia.
 Witness my signature and the seal of said court
 hereto affixed the day and year last above written.

 , Clerk.