**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 13, 2018**

# In the Court of Appeals of Georgia

A17A1376. TAYLOR INVESTMENT PARTNERS II, LLC et al. v.
    MOE'S FRANCHISOR LLC.

RICKMAN, Judge.

Taylor Investment Partners II, LLC, TIP II- Ansley, LLC, and TIP II- Suburban, LLC (collectively "Taylor") appeal from a trial court's order purporting to grant a temporary restraining order in favor of Moe's Franchisor, LLC. On appeal, Taylor contends, inter alia, that while the trial court's order was denominated as a TRO, it, in effect, granted a declaratory judgment in favor of Moe's and in doing so, violated OCGA § 9-4-5.[1] For the following reasons, we reverse.

---

[1] A [declaratory judgment action] shall be filed and served as are other cases in the superior courts of this state and may be tried at any time designated by the court not earlier than 20 days after the service thereof, unless the parties consent in writing to an earlier trial. If there is an issue of

Taylor operated two Moe's franchises pursuant to franchise agreements between the parties. Alleging that Taylor violated the express terms of the franchise agreements by filing for bankruptcy, Moe's filed suit seeking an interlocutory injunction and TRO, and asserting claims for Lanham Act infringement and common law trademark infringement. On the same day that she accepted service of the complaint, Taylor's counsel sent an e-mail to the trial court's staff and opposing counsel requesting an emergency hearing on a TRO that she intended to file the following day. In her e-mail, Taylor's counsel stated that her TRO motion was going to "simply seek to preserve the status quo until the termination dispute is resolved on the merits." Taylor subsequently filed its TRO motion, and a hearing was held on the parties competing motions.

At the conclusion of the hearing, the trial court granted Taylor's TRO motion and asked both parties to brief the issue of whether the filing of the bankruptcy petition terminated the franchise agreements. Each party filed briefs on the issue as

---

fact which requires a submission to a jury, the jury may be drawn, summoned, and sworn either in regular term or specially for the pending case.

OCGA § 9-4-5.

2

requested. Taylor also filed its answer and asserted seven counterclaims, including a declaratory judgment claim seeking a declaration that the bankruptcy termination clause in the franchise agreements was unenforceable.

Subsequently, the trial court issued an order drafted by counsel for Moe's purporting to grant a TRO in favor of Moe's. The order found that "Moe's termination of the [f]ranchise [a]greements was proper and the termination-upon-bankruptcy clause is enforceable under applicable law." Additionally, the trial court ordered, inter alia, that Taylor immediately shut down operations at the franchises and "de-identify" the restaurants from the Moe's trademarks and trade names.

Taylor contends, inter alia, that while the trial court's order was denominated as a TRO, it in effect granted a declaratory judgment in favor of Moe's and in doing so, violated OCGA § 9-4-5. We agree.

"Although the injunction in this case is denominated as a TRO, there is no magic in nomenclature. A document is to be construed by its substance or function, rather than by its name." *Dolinger v. Driver*, 269 Ga. 141, 142 (1) (498 SE2d 252) (1998). In this case, the TRO "did not merely preserve the status quo pending further proceedings; it directed action which gave [Moe's] all of the relief they sought." Id. Additionally, the trial court resolved the ultimate issue regarding the enforceability

3

of the bankruptcy clause provision in the franchise agreements. Thus, in substance, the TRO operated as a grant of a declaratory judgment in favor of Moe's.

Pursuant to OCGA § 9-4-5, "a declaratory judgment action may not be tried earlier than 20 days after service is perfected unless the parties consent in writing to an earlier trial date." *Skalar/Seamark, Inc. v. Skalar United States*, 198 Ga. App. 401 (401 SE2d 595) (1991). In this case, the hearing on the TRO motions was held only a day after service was perfected and was ostensibly for the purpose of determining the parties' entitlement to injunctive relief.

We reject Moe's argument that Taylor's counsel's e-mail requesting an emergency hearing after being served with the complaint was a consent in writing to an earlier trial date. It is clear from the e-mail that the reason the emergency hearing was being requested was solely "to preserve the status quo until the termination dispute is resolved on the merits." Additionally, Taylor had not yet filed its counterclaim for a declaratory judgment at the time it requested the emergency hearing.

Because the trial court erred in treating the hearing on the TRO motions as a trial on the substance of the declaratory judgment action earlier than 20 days after service was perfected, we reverse the trial court's order for failure to comply with

OCGA § 9-4-5. See *Robert W. Woodruff Arts Center v. Insardi*, 266 Ga. 248 (1) (466 SE2d 214) (1996); see also *Skalar/Seamark*, 198 Ga. App. at 401 (1).

*Judgment reversed. Ellington, P. J., and Andrews, J., concur.*