A90A1504. POUNDS et al. v. HOSPITAL AUTHORITY OF
GWINNETT COUNTY.
(399 SE2d 92)

McMurray, Presiding Judge.

This is the second appearance of the case sub judice before this court. Upon remand to the trial court following our decision in *Pounds v. Hosp. Auth. of Gwinnett County*, 191 Ga. App. 689 (382 SE2d 602), the trial court, pursuant to our direction, held a bench trial to determine the duration of plaintiff's exclusive right to provide secondary transport (of patients from one hospital to another, more specialized or otherwise more appropriate treatment facility) to the defendant.

In an order entered on January 5, 1990, the trial court found that the duration of the contract in question was three-and-one-half years ending on July 20, 1986. A trial as to the issue of damages was set for January 31, 1990, and the trial court directed that all discovery on matters of damages should be concluded on or before January 30, 1990.

Plaintiff was being deposed on January 29, 1990, when he revealed that he was in the process of obtaining certain computer records which would show most, if not all, of the secondary transports in Gwinnett County for the years 1981 and 1982. The plaintiff intended to extrapolate his damages for the three-and-one-half year period at issue from this data. Plaintiff's deposition stated that he did not realize he had the computer documents until shortly before the date of the deposition. The computer system from which the documents were being taken was not in use at that time and no one present at the deposition had seen the computer records. Consequently, the deposition was suspended until it could be completed by asking plaintiff questions concerning the computer records and the connection of those records to plaintiff's loss of profits.

On January 30, 1990, plaintiff's counsel received print-outs of the computer records and transmitted them via facsimile (fax) to defendant's counsel. Contemporaneously, plaintiff's counsel telephoned defense counsel and offered plaintiff for completion of his deposition. Plaintiff's deposition was not reconvened. On January 31, 1990, the originals of the computer records (which had been transmitted the previous day) were hand delivered to defense counsel along with trip tickets which were corroborative of the computer print-outs.

When the parties convened before the trial court on January 31,

1990, defendant sought, by motion in limine, to exclude the computer evidence on the basis of surprise, and in the alternative, moved for a continuance. Plaintiff opposed the motion to exclude the computer evidence, but did not oppose the motion for continuance. The trial court sustained the defendant's motion in limine. Thereafter, plaintiff moved to voluntarily dismiss the case without prejudice and tendered a voluntary dismissal of the case without prejudice. Defendant objected to the dismissal of the case and the trial court denied the motion to dismiss. The trial of the case proceeded, resulting in a judgment in favor of plaintiff in the amount of $8,444.40. Plaintiff appeals, enumerating as error the exclusion of the computer records and trip tickets and the trial court's refusal to permit plaintiff to voluntarily dismiss his case without prejudice. *Held*:

1. "In order to establish lost profits, the jury must be provided with information or data sufficient to enable them to estimate the amount of the loss with reasonable certainty. *Brock v. D. O. T.*, 151 Ga. App. 905, 906 (3) (262 SE2d 156) (1979). Generally speaking, this means that they must be provided with figures establishing the business's projected revenue as well as its projected expenses. See *Kitchens v. Lowe*, 139 Ga. App. 526, 531 (228 SE2d 923) (1976). But see *Bennett v. Smith*, 245 Ga. 725 (267 SE2d 19) (1980)." *Department of Transp. v. Vest*, 160 Ga. App. 368, 369 (1) (287 SE2d 85). In the case sub judice, the trial court determined that plaintiff's lost profits could not be determined due to plaintiff's failure to prove his expenses. Plaintiff's attempt to prove damages based on his experience in the earlier 1981 and 1982 period was flawed since plaintiff admitted that he had not taken into account all expenses of the business in calculating profits for this period. Nor did plaintiff present any records of expenses relevant to the actual period at issue. The amount of the judgment was taken from defendant's admission that this amount was due and owing to plaintiff. The excluded evidence related only to plaintiff's revenues and would not have cured the failure to prove plaintiff's expenses. Therefore, any error in the exclusion of this evidence (or denial of a continuance to permit further discovery in regard to this evidence) could not have been harmful. Harmless error does not require reversal. *Malloy v. Elmore*, 191 Ga. App. 564, 565 (382 SE2d 395); *Powers Ferry Constr. v. Commerce Bldrs.*, 191 Ga. App. 327, 328 (2), 329 (381 SE2d 755).

2. The trial court erred in refusing to allow plaintiff to voluntarily dismiss his case without prejudice. The bifurcated procedure in the case sub judice appears to result in the presentation of a first impression question under the 1985 amendment to OCGA § 9-11-41 (a) (Ga. L. 1985, p. 546, §1). Under this statute as amended, and subject to some exceptions not relevant to the case sub judice, "an action may be dismissed by the plaintiff, without order or permission of court, by

filing a written notice of dismissal at any time before the plaintiff rests his case." While the trial court concluded that plaintiff's right to voluntarily dismiss without prejudice was terminated when plaintiff rested during the trial of the liability issue, plaintiff argues that "case," as used in the statute, means the entire case so that the effect of the statute is not triggered until he also rests as to the damages issue. We agree with the position advanced by plaintiff.

"[T]he inescapable conclusion is that the legislative intent behind the enactment of OCGA § 9-11-41 (a) was to afford a plaintiff, faced with a contrary verdict or other untenable position, a second chance to litigate his suit *despite* the inconvenience and irritation to the defendant." *Griggs v. Columbus Bank &c. Co.*, 188 Ga. App. 741, 743 (374 SE2d 347). We see no reason that the bifurcation of the trial should remove plaintiff's right to escape the consequences of problems which arise during the proof of damages.

*Judgment reversed. Carley, C. J., and Sognier, J., concur.*

DECIDED NOVEMBER 15, 1990.

*Barnes, Browning, Tanksley & Casurella, Roy E. Barnes, Jeffrey G. Casurella*, for appellants.

*Webb, Fowler & Tanner, Anthony O. L. Powell, William L. Hale*, for appellee.