A01A1437. SMD, L.L.P. et al. v. CITY OF ROSWELL et al.
(555 SE2d 813)

BARNES, Judge.

SMD, L.L.P. and Liability Limited, Inc. (collectively "SMD") appeal the grant of summary judgment on their claim for damages to the City of Roswell; M. L. Mabry, individually and as Mayor of Roswell; Jere Wood, as Mayor of Roswell; Edwin Tate, Terry Joyner, Steve Dorvee, Catherine Hibbard, Jerry Orlans, and Sally White, individually and as members of the Roswell City Council; Kristen Riley, as a member of the Roswell City Council; and Alan Goings, as Building Inspector for the City of Roswell (collectively "the City defendants"). SMD contends the trial court erred by limiting their claims to one for lost profits.

Specifically, SMD alleges the trial court erred by holding that claims for damages resulting from federally guaranteed rights can be extinguished by the Georgia law on lost profits; by refusing to allow their claims for presumed or nominal damages to be presented to a jury; by refusing to allow jurors to consider their claims for interest

or a fair market rate of return; by refusing to allow the jury to hear their claims for compensation for two sign locations that were lost during the litigation; by refusing to allow the jury to hear their claims that the City defendants' unconstitutional conduct resulted in a complete temporary taking of all possible economical use of their property; and by failing to recognize that "because there is no doubt as to the cause of the damages in this case, [SMD's] claim falls into the exception authorizing recovery of an amount 'authorized with reasonable certainty by the legal evidence submitted.'" We disagree and affirm.

1. The City defendants' motion to dismiss the appeal is denied. This is not a zoning appeal that falls within the discretionary appeals procedure of OCGA § 5-6-35 (a) (1).

> [The rule requiring a discretionary appeal application] applies only if the appeal is from an order reviewing the zoning decision of an administrative agency. Where a zoning case does not involve superior court review of an administrative decision, the trial court's order does not come within the purview of OCGA § 5-6-35 (a) (1) and no application for appeal need be filed. Bright-line rules are favored, but we cannot consider the applicability of the application requirement in zoning cases apart from its statutory basis. Appellants did not file an appeal to the superior court seeking review of the Board's administrative decision to rezone the adjoining property. Instead, they brought [an] action directly against the [City defendants], attacking the validity of the [sign ordinance] and seeking to prevent enforcement thereof. Because the order appealed from in this case does not involve the review of the decision of a local administrative agency, we find the order is directly appealable under OCGA § 5-6-34 (a) (6).

(Citations and punctuation omitted.) *Sprayberry v. Dougherty County*, 273 Ga. 503, 504 (1) (543 SE2d 29) (2001).

2. When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997). Having done so, we adopt and incorporate into this opinion the trial court's excellent order granting the City defendants' motion for summary judgment on SMD's claim for damages:

> To prevail at summary judgment, under O.C.G.A. § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the disputed facts, viewed in the light most favorable to the non-moving party, warrant judgment as a matter of law. *Lau's Corp. v. Haskins*,

261 Ga. 491, 495 [(405 SE2d 474)] (1991). The movant's burden may be discharged by pointing out through reference to affidavits that there is an absence of evidence to support the non-moving party's case. *Lau's Corp.*, 261 Ga. at 491. If the movant discharges this burden, the non-moving party cannot rest on its pleadings, but must point to specific evidence giving rise to a triable issue. Id.

In July 1997, Plaintiffs made applications for sign permits to the City of Roswell for signs that were in excess of the then-existing minimum height and size limitations. The applications were summarily denied and Plaintiffs appealed the denial to the City Design Review Board and the City Historic Preservation Commission, respectively. In August 1997, the two groups heard and denied the applications for the sign permits. Plaintiffs appealed those decisions to the mayor and the city council. A hearing was scheduled for November, but was rescheduled to comply with public notice requirements. In October 1997, the Roswell city council, without public notice, amended the sign ordinance. On December 1, 1997, the mayor and city council denied the Plaintiffs' appeals. On December 9, 1997, Plaintiffs filed suit. On November 18, 1999, Judge Westmoreland ordered the Defendants to "permit" the signs for which the Plaintiffs had applied and found that the City's sign ordinance was a zoning ordinance subject to the Zoning Procedures Law. The City issued letters permitting Plaintiffs' billboards on February 23, 2000. Plaintiffs assert damages based on the deprivation of constitutional rights pursuant to 42 U.S.C. § 1983.

The damages issue is all that remains for this Court's determination on summary judgment since Judge Westmoreland has previously determined all other issues. Here, Plaintiffs allege that Plaintiffs lost one hundred percent (100%) of the value of its property as a result of the size and height limitations contained in the ordinance invalidated by the November 18, 1999 order. Defendants contend that Plaintiffs are not entitled to damages and have no proof of damages.

One of the basic purposes of a damages award under 42 U.S.C. § 1983 is to compensate persons wronged by the deprivation of constitutional rights. *Carey v. Piphus*, 435 U. S. 247, 254, 98 S. Ct. 1042, 1047, 55 L.Ed.2d 252 (1978). As well as being entitled to recover for the deprivation of the constitutional right itself, the Plaintiff may recover for injuries that are the natural consequence of the deprivation. See *Whirl v. Kern*, 407 F.2d 781, 797 (5th Cir. 196[8]). In the

Plaintiffs' complaint, Plaintiffs seek damages for the deprivation of right[s] under the First and Fifth Amendments to the Constitution. Whether Plaintiffs are entitled to compensation in a 42 U.S.C. § 1983 suit for the injuries is determined, under 42 U.S.C. § 1988, by reference to "the common law, as modified and changed by the constitution and statutes of the [forum] State . . . so far as the same is not inconsistent with the Constitution and laws of the United States." State law is "the principal reference point in determining survival of civil rights actions," *Robertson v. Wegmann*, 436 U. S. 584, 589-90, 98 S. Ct. 1991, 1994-95, 56 L.Ed.2d 554 (1978), and is useful in determining the elements of damages. *Carey*, 435 U. S. at 257-58, 98 S. Ct. at 1048-49. Thus, as Judge Westmoreland has already determined that damages are appropriate, this Court will apply Georgia law.

Plaintiffs admit that Plaintiffs have never actually erected or operated a single billboard. To the contrary, Plaintiff SMD, L.L.P. has sold all of the permits it previously obtained and Plaintiff Liability Limited, Inc. has never even obtained a permit before. Here, Plaintiffs seek to present evidence at trial on the issues of lost profits, lost investment and any other consequential or special damages. As a general rule, expected profits of commercial business are too uncertain, speculative, and remote, to permit recovery for their loss. *Molly Pitcher Canning Co. v. Central of Georgia R. Co.*, 149 Ga. App. 5[, 10 (4) (253 SE2d 392)] (1979); *Atlanta Gas Light Co. v. Newman*, 88 Ga. App. 252[, 253 (2) (76 SE2d 536)] (1953). "[W]hen [an] owner of a business seeks to recover lost profits, that recovery can be had only if the business has a proven 'track record' of profitability. The jury is not permitted to speculate as to what the allegedly lost profits might have amounted to." *Stern's Gallery of Gifts v. Corporate Property Investors*, 176 Ga. App. [5]86[, 592 (3) (337 SE2d 29)] (1985). However, while anticipated profits of an unestablished future business are generally too speculative for recovery, where the business has been long established, has uniformly made profits, and there are definite, certain, and reasonable data for their ascertainment, they may be recovered at least for a limited reasonable future time, even though they cannot be computed with exact mathematical certainty. *Levy, Bro. & Co. v. Allen*, 53 Ga. App. 246[, 247 (185 SE 369)] (1936). Here, Plaintiffs are a three-year-old company that never actually erected or operated a single billboard and instead merely obtains permits to sell to others. Thus, Plaintiffs have no proven "track record" which would allow recovery of profits. Additionally, Plaintiffs

admitted at oral argument that the lost profit estimates are based solely upon the testimony of Donald C. Danysh who owns and operates a billboard company that erects and maintains billboards.

Although Plaintiffs argue that *Schneider v. City of Ramsey*, 800 F[S]upp. 815 (D.C. Minn. 1992), would allow damages even without a record of business experience, a proper reading of the *Schneider* decision proves otherwise. In *Schneider v. City of Ramsey*, [supra], the Court stated the following: " 'Once the fact of loss has been shown, the difficulty of proving its amount will not preclude recovery so long as there is proof of a reasonable basis upon which to approximate the amount.' *Leoni v. Bemis Co.*, 255 N.W.2d 824, 826 (Minn. 1977); see also *Unique Systems, Inc. v. Zotos Int'l, Inc.*, 622 F.2d 373, 378-79 (8th Cir. 1980). The accounting records submitted by plaintiffs provide a reasonable basis upon which to approximate the amount of damages here. Plaintiffs are entitled to recover the gross profits they would have made during the period of closure, less operating expenses saved due to closure. An average of their gross profits less saved operating expenses during the five and one-half days the business was open prior to closure provides a reasonable basis for estimating the loss. Gross profits totalled $2737. Operating expenses saved in labor, printings, and repairs and maintenance totalled $953. The resulting figure, $1784, averaged over the five and one-half days, comes to $324. Since the business was closed for nineteen and one-half days, plaintiffs suffered a loss of $6,318. They are entitled to damages in this amount."

There, the Plaintiffs had five and one-half days in which it had operated. Here, Plaintiffs have never erected or operated a single billboard. Therefore, even applying the case proffered by Plaintiffs, Plaintiffs do not have any direct business experience from which to derive the alleged potential lost profits. Consequently, Plaintiffs' claims for lost profits, lost investment and other consequential or special damages are precluded since lost profits, lost investment and other consequential or special damages would be too uncertain and speculative in nature. Therefore, Defendants' Motion for Summary Judgment is hereby GRANTED as to Plaintiffs' claim for lost profits.

Plaintiffs also claim that damages are appropriate pursuant to 42 U.S.C. § 1983 for the alleged "taking" of Plaintiffs' property as a result of the unconstitutional refusal to rezone Plaintiffs' property. Here, the record reflects that off-premises signs were allowed at the time of the sign permit

applications by the Plaintiffs. However, Plaintiffs sought permits for off-premises signs that did not conform with the then-existing sign ordinance. As the sign ordinance allowed off-premise signs and Plaintiffs could have erected and operated off-premises signs in accordance with the ordinance, Plaintiffs did not suffer a total deprivation as required. *Cobb County v. McColister*, 261 Ga. 876[, 877 (413 SE2d 441)] (1992).

(References to the record omitted.) Order of the Superior Court of Fulton County, September 12, 2000.

3. SMD's brief also argues that numerous other theories of recovery of damages other than a claim for lost profits were available to them. While these theories might be available generally, in this case the pretrial order entered pursuant to OCGA § 9-11-16 excluded these other grounds of recovery. SMD's claims for damages in the pretrial order entered by the trial court were:

(11) The types of damages and the applicable measure of those damages are stated as follows: According to Plaintiffs: The damages suffered by Plaintiffs can be calculated in accordance with the following formulae: In regard to Plaintiff SMD, L.L.P., damages equal to the sum of (1) and (2) below: (1) (Estimated monthly revenue for signs — Estimated monthly costs of operating signs) x 31.5 (duration of deprivation — 31 months, 2 weeks); plus (2) Value of two sign locations that were lost because Plaintiffs' leases expired during Defendants' unconstitutional delay in granting sign permits increased by the statutory rate of interest from that date. In regard to Plaintiff Liability Limited, Inc.: damages equal to the amount of profit that it would have garnered from the construction of the signs for which it applied for permit applications in July of 1997 increased by the statutory rate of interest from that date.

As the pretrial order limited the damages sought to those involving only lost profits, the trial court did not err by not considering these other grounds for recovery of damages. When a pretrial order is entered, it controls the subsequent course of the case unless it is modified at the trial to avoid a manifest injustice. OCGA § 9-11-16. Any claim or issue omitted from the pretrial order is waived. *Long v. Marion*, 257 Ga. 431, 433 (2) (360 SE2d 255) (1987); *John H. Smith, Inc. v. Teveit*, 175 Ga. App. 565, 566 (333 SE2d 856) (1985).

Accordingly, the trial court did not err by granting summary judgment to the City defendants on SMD's claim for damages.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

444

DECIDED OCTOBER 24, 2001 —DECIDED OCTOBER 24, 2001 —
RECONSIDERATION DENIED NOVEMBER 15, 2001.

*Dow, Lohnes & Albertson, Sean R. Smith, E. Adam Webb*, for appellants.
*Carothers & Mitchell, Richard A: Carothers, William M. Coolidge III*, for appellees.