## A03A0757. NEL v. DWP/BATES TECHNOLOGY, LLC et al.
(579 SE2d 842)

BLACKBURN, Presiding Judge.

Following the trial court's grant of summary judgment to defendants/appellees,[1] in this employment contract action, plaintiff André Nel appeals, arguing that the trial court erred in: (1) granting appellees' motion for summary judgment; (2) denying his motion to serve Cordiant Communications Group, PLC ("CCG") and granting CCG's motion to dismiss it from the case; (3) denying his motion to disqualify appellees' law firm and compel the deposition of one of its attorneys; and (4) granting appellees' motion for a protective order. For the reasons set forth below, we affirm.

1. In his first enumeration of error, Nel contends that the trial court erred in granting appellees' motion for summary judgment. "When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. Having done so, we adopt and incorporate into this opinion the trial court's excellent order granting [appellees'] motion for summary judgment." (Citation omitted.) *SMD, L.L.P. v. City of Roswell.*[2]

This case arises from an employment contract. Plaintiff (hereafter employee) was employed with defendant advertising agency DWP/Bates Technology, LLC as creative director. He was notified of a pending acquisition of the agency and offered an employment contract to work at the newly formed agency (hereafter employer). The dispute arose when, after working for approximately one year, the employee was terminated. He sued to recover compensation for three years. The employer claimed it did not contract for three years and sought a summary judgment in its favor.

To prevail at summary judgment, the moving party must demonstrate no genuine issue of material fact and the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). To do this, a party may use the documents, affidavits, depositions, and other evidence to show the court that there is no evidence sufficient to create a jury issue on at least one essential element in the plaintiff's case. *Lau's Corp. v. Haskins.*[3] If it can be shown there is no evidence sufficient to create a genuine issue as to any of the essential elements of the plaintiff's claim, the claim must then fail. OCGA § 9-11-56 (e). The question is whether the employee's claim is supported when the rules of contract construction are applied.

---

[1] Appellees are DWP/Bates Technology, LLC, Bates Advertising USA, Inc., Cordiant Communications Group, PLC, Frank Donino, and Ridge White.

[2] *SMD, L.L.P. v. City of Roswell*, 252 Ga. App. 438, 439 (2) (555 SE2d 813) (2001).

[3] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

An issue of contract construction is usually a question of law for the court to resolve. The first step is to look to the four corners of the instrument to determine the meaning of the agreement from the language employed. If the contract language is ambiguous, however, then the court must apply the appropriate rules of construction. *McCollum v. O'Dell.*[4]

To support his claim that the contract provides for a three-year term, the employee offers only parol evidence of the intentions of the parties. OCGA § 13-2-2 (1) provides:

> Parol evidence is inadmissible to add to, take from, or vary a written contract. All the attendant and surrounding circumstances may be proved and, if there is an ambiguity, latent or patent, it may be explained; so, if only a part of a contract is reduced to writing (such as a note given in pursuance of a contract) and it is manifest that the writing was not intended to speak the whole contract, then parol evidence is admissible.

"Ambiguity exists when a contract is uncertain of meaning, duplicitous, and indistinct; or when a word or phrase may be fairly understood in more than one way." *Sheridan v. Crown Capital Corp.*[5]

The instant contract provides in relevant part: "The period during which Executive shall be employed by the Company (the *'Term of Employment'*) shall begin on July 13, 2000 (the *'Start Date'*) and continue until notice (the *'Termination Notice'*) is given by one of the parties hereto to the other." Because the agreement clearly states termination is upon notice of one of the parties, the employer argues employment ended when notice was given. Viewing the facts in the light most favorable to the employee, as the nonmoving party, there is no ambiguity which would allow any parol evidence.

The employee argues a "term sheet" he produced during the litigation either is an amendment to the employment contract or creates an ambiguity. The court finds the term sheet is not a valid contract. Hence it neither amends nor creates any ambiguity to the existing contract.

The employee also seeks to establish a claim of civil fraud against the employer. To do this there must be a proven "[w]illful misrepresentation of a material fact, made to induce another to act, upon which such person acts to his injury." OCGA § 51-6-2 (a). The employee seeks to rely on evidence that during negotiations, the employer discussed a three-year term of employment. However, this

---

[4] *McCollum v. O'Dell*, 241 Ga. App. 6 (525 SE2d 721) (1999).
[5] *Sheridan v. Crown Capital Corp.*, 251 Ga. App. 314, 315 (1) (554 SE2d 296) (2001).

representation was one of many items negotiated, and the parties are bound by the final terms as included in their written agreement. The written agreement states that there was no specific term. In addition, the employee testified when deposed that he understood there was no promise for a specific term when he started the employment.

2. We have reviewed Nel's remaining enumerations of error and find them to be without merit.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED MARCH 19, 2003.

*Melville Johnson, Christopher D. Vaughn,* for appellant.

*King & Spalding, Alexandre S. Drummond, William A. Clineburg, Jr., Rebecca C. Moore,* for appellees.