SALTER *v.* SALTER *et al.*, executors, *et al.*

ALMAND, Justice. H. R. Salter, as a devisee under the will of M. T. Salter, brought an equitable petition against M. T. Salter Jr. and Freeman D. Salter, as coexecutors of the will of M. T. Salter deceased, in their representative capacity and as devisees under said will, and against two others, also devisees under that will, wherein he sought: (a) the removal of the executors and the appointment of a receiver to take charge of the estate; (b) an accounting between all of the parties; and (c) a partition of the property of the estate through a sale by the receiver, and a division of the proceeds among the devisees according to the will. The petition set out a copy of the will of the late M. T. Salter, wherein the plaintiff and all the defendants were bequeathed and devised the remainder of the estate after certain bequests, with the provision that the executors should hold the estate together for five

years, and that at the end of such period the executors were authorized, in their discretion, to sell the property of the estate "in such manner as to secure the best possible price therefor," and divide the proceeds between the devisees in equal shares. The will directed that the share of the plaintiff be held by the executors under a purported spendthrift trust. The petitioner alleged that more than 20 years had elapsed since the executors had qualified, that all the debts of the estate had been paid, and that the executors were in possession of all the real and personal property belonging to the estate, and nothing remained for them to do in administering the estate other than to divide the same according to the provisions of the will. It was alleged that the plaintiff had received certain payments from the executors, but had never received any accounting or settlement from them. By amendment to his petition, the plaintiff alleged that the spendthrift condition in the will as to his share in the estate had been declared void by a verdict and judgment in DeKalb Superior Court on June 10, 1952 (which was subsequent to the date of the filing of the present action). The general demurrer of the defendant that the petition "shows no valid ground for interference by a court of equity" was sustained, and the petition as amended dismissed. By writ of error, the plaintiff seeks to reverse this order. *Held:*

1. As a general rule, a court of equity will not interfere with the regular administration of an estate by taking it out of the hands of the executor and administering the same through a receiver. The ordinary has constitutional jurisdiction over the subject matter, and before a court of equity will intervene at the instance of a devisee under a will, by the appointment of a receiver, and take the estate away from the duly appointed executor, there must be a clear case of imminent danger of loss or injury to the interest of the devisee. Code, § 37-403; *Powell* v. *Quinn*, 49 *Ga.* 523 (1); *Griner* v. *Wilson*, 181 *Ga.* 432 (2, 3) (182 S. E. 592).

2. Though a court of equity has concurrent jurisdiction with the ordinary over the settlement of accounts of executors (Code, § 113-2203), it will not assume jurisdiction solely for that purpose unless it be shown that the remedies available in the court of ordinary are inadequate to afford complete relief to the party claiming to be aggrieved. Under the allegations in the instant case, the plaintiff could obtain full and adequate relief in the court of ordinary by citation for settlement by the executors. Code, §§ 113-2201, 113-2202; *Hamrick* v. *Hamrick*, 206 *Ga.* 564 (58 S. E. 2d, 145). This ruling is not contrary to the ruling in *Salter* v. *Salter*, 209 *Ga.* 90 (70 S. E. 2d, 453), where it was held that a court of equity, having obtained jurisdiction to annul a spendthrift trust, would give full relief, including a prayer for an accounting.

3. It appearing that the main purpose of the petition is to remove the executors and place the estate in the hands of a receiver for the purpose of having the receiver sell the real and personal property of the estate and divide the proceeds among the devisees according to the terms of the will, the allegations are insufficient to authorize the grant of the prayers for equitable partition between the devisees. The plaintiff, as a devisee, under the law has a full and adequate remedy in the court

of ordinary to require the executors to distribute the estate by division or partition. Code, §§ 113-1018, 113-1019, 113-1020. It thus appearing that the plaintiff can obtain full and adequate relief in the court of ordinary as to the matters complained of in his petition, it was not error to sustain the general demurrer and dismiss the action.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18029. Argued November 13, 1952—Decided January 13, 1953— Rehearing denied February 9, 1953.

*Walter A. Sims* and *Joseph S. Crespi*, for plaintiff in error.
*T. B. Higdon,* contra.