*A. G. Wells, Jr.,* for appellees.

### 36168. NORMENT v. WOFFORD.

UNDERCOFLER, Chief Justice.

Under Code Ann. § 55-103, the superior court in "[e]quity will not enjoin the proceedings and processes of a court of law, unless there shall be some intervening equity or other proper defense of which the party, without fault on his part, cannot avail himself at law." Appellant Norment sought an injunction under this section because she could not raise her tort counterclaim because of lack of jurisdiction[1] in the state court to entertain it. The trial court refused the injunction. We reverse.

Under the allegations of both of the complaints,[2] it appears that both claims arise out of the same factual setting. *Bragg v. Gavin,* 234 Ga. 70 (214 SE2d 532) (1975). Therefore it is error for the trial court to refuse to enjoin the proceedings in the state court so that the issues presented by these facts may be tried together. *Carswell v. Scott,* 225 Ga. 798 (171 SE2d 499) (1969); *Otis v. Graham Paper Co.,* 188 Ga. 788 (4 SE2d 824) (1939).

*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 12, 1980 — DECIDED SEPTEMBER 9, 1980.

*D. Richard Jones, III,* for appellant.
*Mitchell A. Gross,* for appellee.

---

[1] The State Court of Fulton County has no jurisdiction of tort claims resulting in personal injury.

[2] Wofford sued Norment for conversion of her horse in the State Court of Fulton County. Norment sued Wofford in the Superior Court of Fulton County for defamation and false imprisonment.