### 77422. TREDNICK v. KRAMER et al.
(379 SE2d 633)

BENHAM, Judge.

The parties all own parcels of property that formerly made up one undivided piece of property. That single tract of property had a private road from the public road on the north side of the property to the house, and from the house to a county dirt road on the southern side of the property. The previous owner of the parcel of land now owned by appellant permitted a mobile home to be placed on his land approximately 100 feet from the former homestead and occupied by a caretaker/watchman. The mobile home occupant and his guests used the private road from the mobile home to the county dirt road for ingress and egress. In March 1986, appellant purchased the tract of

land he now owns, and in September 1986, he built upon it a home and a driveway to the home from the public road on the north side. Appellee McArthur, the owner of the mobile home, then had it moved from appellant's land to property adjoining that of appellant and owned by McArthur's niece, appellee Kramer. The mobile home was left sitting on the private way on the Kramer side of the Trednick-Kramer property line. Appellant filed a petition to remove an obstruction from a private way (OCGA § 44-9-59) and requested that a temporary restraining order and an interlocutory injunction issue. The following day, a temporary restraining order was issued, enjoining and restraining appellees from allowing impediments to the use of the private way. Appellees filed an answer and counterclaim asking, among other things, that appellant be temporarily and permanently enjoined from crossing appellee Kramer's land. After holding a hearing, the trial court issued a temporary injunction in March 1987, enjoining appellees from interfering with appellant's use of the private way across appellee Kramer's land until a jury trial was had on appellant's prayer for a permanent injunction. In January 1988, appellees moved for partial summary judgment as to appellant's complaint and the injunction they had previously sought in their counterclaim. The trial court granted the motion, prompting this appeal.

Appellant proceeded under OCGA §§ 44-9-54 and 44-9-59 in his efforts to have removed the obstructions to the private way. "The act . . . [OCGA §§ 44-9-54 and 59], giving the [probate court] jurisdiction summarily to try obstructions to private ways, is confined to cases of private ways which arise by prescriptive right acquired by seven years possession or user. Therefore the question here is: Did [appellant] have such right by prescription? [Cits.]" *Clark v. Anderson*, 52 Ga. App. 500, 501 (183 SE 852) (1935). "[I]t is fundamental that prescription is to be strictly construed. . . ." *First Christian Church &c. v. Realty Investment Co.*, 180 Ga. 35, 39 (178 SE 303) (1934). "It is clear that a private way may not be acquired by prescription where use of the private way is with the owner's permission until an adverse claim is made and actual notice is given to the owner or party in possession. [Cits.]" *Greer v. Piedmont Realty Investments*, 248 Ga. 821 (1a) (286 SE2d 712) (1982).

In the case at bar, the trial court concluded that appellant had not met the seven-year use requirement inasmuch as he had been using the private way "for a little over two years and two months," and that those who had used the private way prior to appellant had done so with the permission of the owner, appellee Kramer. It is uncontradicted that appellant purchased his property on March 25, 1986, two years, two months, and two weeks before the entry of the trial court's order. It is also without dispute that in 1979 a chain was placed across the entry to the private way from the county dirt road when the prop-

erty owners discovered abandoned cars and trash littering their property. A man with a mobile home was given permission to place his trailer on what is now appellant's parcel in order to discourage people from dumping trash on the property. Appellee Kramer, the present owner of the private way, became co-owner of her property in 1984 and sole owner in March 1985. She testified that she had told her aunt, appellee Agnes McArthur, that the caretaker who occupied the mobile home and his guests had her permission to use the private way across her land in order to reach the mobile home from the county dirt road. Appellee Kramer testified further that Mrs. McArthur had "sort of overseen the property" and that she "relied on her very much" concerning care of the property. Mrs. McArthur testified that, with appellee Kramer's permission, she permitted the two mobile home occupants/caretakers and their guests to use the private way over Mrs. Kramer's property from 1979-1986.

Inasmuch as the evidence was undisputed that appellant had used the private way for less than seven years and that the other users of the private way did so with the owner's permission, appellant did not establish the existence of a private way, and the trial court did not err in granting summary judgment to appellees.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 10, 1989.

*Stein & Cauthen, Robert H. Cauthen*, for appellant.
*Smith & Floyd, Charles C. Smith, Jr.*, for appellees.