S94A0093. PRUITT v. KEENAN et al.
(443 SE2d 842)

HUNT, Chief Justice.

Keenan brought suit against Ruth Pruitt, the developer of the subdivision in which he lives, for violation of restrictive covenants. The trial court granted Keenan an interlocutory injunction which was made permanent after the issue of laches was decided by a jury. Pruitt appeals, arguing, inter alia, that a charge given to the jury was confusing and misleading. We agree and reverse.

1. The only issue submitted to the jury was that of laches. The jury charge to which Pruitt objects was as follows:

> A mere apprehension of injury to property or property rights will not authorize the grant of an injunction. In other words, equity will not intervene for the purpose of protecting property or property rights until some overt act has been committed which injuriously affects the same.

Pruitt contends that the actual injury to Keenan occurred when the approved plat containing the changes which Keenan argues were in violation of the covenants was recorded in December of 1991. Keenan, however, quoting the rule stated above in the jury charge, argues that regardless of when he became aware of the revised plat, the filing of the plat is not such an act as would qualify as an overt act and that the jury was properly charged as to the requirement of an overt act since such was an integral part of the question of whether his delay in filing suit constituted laches.

Our review of the record leads us to conclude that this charge did indeed confuse, and may have misled, the jury. After an hour and a half of deliberation, the jury returned to the courtroom and asked two questions of the trial court.

> Question 1: What is the definition of an overt act that would allow an injunction to be considered and issued by the Court?
> Question 2: If a person cannot file an injunction until an overt act has been committed, then what would be consid-

ered as an overt act for the filing of this injunction? Would the moving of utility lines be considered an overt act, or would it actually be the beginning of construction of the house?

In response to these questions, the trial court merely defined the word "overt" and advised the jury that the court could not make comments that would reflect on the evidence. These questions indicate to us that the jury was confused by this charge, that it was unsure as to the definition of an overt act, and that it may have been misled into thinking that Keenan, regardless of when he became aware of the revised plat, did not need to take action until Pruitt had actually begun construction and incurred expenses. While it is true that mere apprehension of injury will not justify equitable relief, one who has notice of another's intentions may be required to assert his rights before an overt injury has been inflicted. *Newport Timber Corp. v. Floyd*, 247 Ga. 535, 538 (277 SE2d 646) (1981). In the absence of this charge, which required the jury to determine whether there had been a sufficiently "overt" act and which may have led them to believe that they were barred from returning a finding of laches in the absence of such an overt act, the jury may very well have decided that Keenan's delay in acting after learning of the filing of the plat was unjustified and would bar the complaint. Accordingly, the giving of this charge by the trial court was error.

2. Our resolution of this issue renders unnecessary consideration of Pruitt's remaining enumerations of error.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 13, 1994.

*Webb, Tanner & Powell, Anthony O. L. Powell, Steven A. Pickens,* for appellant.

*Garner & Still, Dennis T. Still, John C. Gullickson,* for appellees.