S96A0093. ROBERT W. WOODRUFF ARTS CENTER, INC.
v. INSARDI.
S96A0095, S96A0096. FULTON COUNTY v. INSARDI (two cases).
(466 SE2d 214)

CARLEY, Justice.

On August 14, 1995, David Insardi brought two separate suits wherein he alleged the unconstitutionality of OCGA § 36-1-19 and sought both declaratory and injunctive relief. He filed a motion for a temporary restraining order in both cases and those motions were heard on August 18, 1995. After conducting the hearing, the trial court ruled on Insardi's motions for a temporary restraining order and also entered orders finding OCGA § 36-1-19 to be unconstitutional. Pursuant to OCGA § 9-11-54 (b), the trial court certified those orders from which these appeals are taken.

1. A declaratory judgment action "may be tried at any time designated by the court not earlier than 20 days after the service thereof, unless the parties consent in writing to an earlier trial." OCGA § 9-4-5. Here, the trial court declared a statute to be unconstitutional as the result of a hearing which was conducted less than 20 days after the service of Insardi's petitions. Compare *Ison v. Travis*, 212 Ga. 335, 336 (2) (92 SE2d 518) (1956). That hearing was for the ostensible pur-

pose of determining Insardi's entitlement to injunctive relief and there was no written consent that it was for the purpose of determining his entitlement to declaratory relief. A trial court is not authorized to "grant a complaint for declaratory judgment sua sponte, without affording the opposing party notice or an opportunity to be heard." *Smith v. Ticor Title Ins. Co.*, 200 Ga. App. 534, 535 (1) (408 SE2d 833) (1991). It follows that the trial court erred in entering the orders declaring OCGA § 36-1-19 to be unconstitutional and those orders must be reversed. *Skalar/Seamark, Inc. v. Skalar USA, Inc.*, 198 Ga. App. 401 (401 SE2d 595) (1991).

That the trial court certified its orders pursuant to OCGA § 9-11-54 (b) does not mandate a contrary result. The sole purpose of such certification is to finalize an order which otherwise would remain interlocutory because of the pendency of additional unresolved claims or the presence of additional unaffected parties. *Wise v. State Bd. For Examination &c. of Architects*, 244 Ga. 449 (260 SE2d 477) (1979). Thus, if the trial court had been authorized to make a ruling on the declaratory judgment issues presented in these cases and it had ruled only on the issue of the constitutionality of OCGA § 36-1-19, it could then have certified that interlocutory order as final pursuant to OCGA § 9-11-54 (b). Under OCGA § 9-4-5, however, the trial court was not authorized to make a ruling on any declaratory judgment issue presented in these cases and the certification pursuant to OCGA § 9-11-54 (b) does not make valid the previously entered premature orders.

2. The remaining enumerations of error are moot.

*Judgments reversed. All the Justices concur.*

DECIDED FEBRUARY 12, 1996.

*Jones, Day, Reavis & Pogue, Dorothy Y. Kirkley, Michael J. McConnell, John H. Williamson, Curtis L. Doster*, for appellant (case no. S96A0093).

*Susan B. Forsling, Susan M. Hartwig, William R. Turner*, for appellant (case nos. S96A0095, S96A0096).

*Proctor, Felton & Atkinson, Robert J. Proctor*, for appellee.