A98A1058. BUNCH et al. v. VINCENT.

(507 SE2d 239)

McMurray, Presiding Judge.

This is the second appearance of this action for damages predicated on allegations of legal malpractice and breach of fiduciary duty. In *Vincent v. Bunch*, 227 Ga. App. 480 (489 SE2d 592), a partial grant of summary judgment in favor of defendants Gary P. Bunch and Gary Bunch, P.C. was reversed, because the superior court did not allow plaintiff Vincent to present oral argument on defendants' motion for partial summary judgment, and the case was remanded with instructions.

Following remand to the superior court, plaintiff filed a voluntary dismissal without prejudice pursuant to OCGA § 9-11-41 (a). Defendants filed their objection to and motion in opposition to plaintiff's voluntary dismissal maintaining that plaintiff's attempted dismissal was ineffective and impermissible in the light of the instructions given by this Court in the decision of the prior appeal that "we reverse the trial court's ruling on Bunch's motion for partial summary judgment, and *we remand this case to the trial court with instructions that oral argument be held on the motion.*" (Emphasis supplied.) *Vincent v. Bunch*, 227 Ga. App. 480, 481, supra. Defendants' objection and motion were denied, and the superior court ruled that plaintiff's voluntary dismissal of the action without prejudice was effective. Defendants appealed. *Held*:

1. "[A]n action may be dismissed by the plaintiff, without order or permission of court, by filing a written notice of dismissal at any time before the plaintiff rests his case." OCGA § 9-11-41 (a). We have held "that 'case,' as used in the statute, means the entire case so that the effect of the statute is not triggered until [plaintiff] rests as to [all issues]." *Pounds v. Hosp. Auth. of Gwinnett County*, 197 Ga. App. 598, 600 (2) (399 SE2d 92). The submission of this case for a ruling on a motion for *partial* summary judgment is analogous to the plaintiff in *Pounds* resting during the trial of the *liability* issue only, in that in neither instance did a plaintiff rest his entire case so as to terminate his statutory right to voluntarily dismiss without prejudice. Thus, plaintiff's voluntary dismissal without prejudice was timely filed within the contemplation of OCGA § 9-11-41 (a).

2. Defendants argue that the plaintiff's voluntary dismissal was in violation of the Civil Practice Act and public policy since it served to squander scarce judicial resources by allowing plaintiff to relitigate the case in another court. Nonetheless, we find no merit in this contention since it has been repeatedly held that the intent of the legislature in enacting OCGA § 9-11-41 (a) was to give plaintiffs the opportunity to escape untenable positions and relitigate the case. There is no bad faith exception to the right to dismiss and later reliti-

gate, despite whatever inconvenience and irritation this may cause the defendants. *Lakes v. Marriott Corp.*, 264 Ga. 475, 476 (448 SE2d 203); *Redman Homes v. Voss*, 212 Ga. App. 404, 405-406 (1) (441 SE2d 792); *C & S Indus. Supply Co. v. Proctor & Gamble &c. Co.*, 199 Ga. App. 197 (404 SE2d 346); *Pounds v. Hosp. Auth. of Gwinnett County*, 197 Ga. App. 598, 600 (2), supra.

3. Finally, we find nothing in this Court's instructions, contained in the earlier opinion in this case, which was intended to bar plaintiff's exercise of his voluntary dismissal rights under OCGA § 9-11-41 (a). While this Court's instructions were binding upon the lower court and the parties so long as the case remained pending below, there is no indication that the instructions were intended to abridge plaintiff's rights under OCGA § 9-11-41 (a).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 23, 1998 —
RECONSIDERATION DENIED OCTOBER 6, 1998.

*Hawkins & Parnell, H. Lane Young II, Anthony P. Tatum*, for appellants.

*Gary P. Bunch*, pro se.

*Cabaniss & Adkins, George M. Cabaniss, Jr.*, for appellee.