S03A0914. SMITH et al. v. TRONITEC, INC.
(586 SE2d 661)

FLETCHER, Chief Justice.

Appellants Rodney Smith, John Slocum, Jarrett Black, and Tony Shealy are former employees of Tronitec, Incorporated who have formed a competing business, appellant Freedom Electronics, Incorporated. Tronitec and its former employees are ensnared in three separate lawsuits in two courts. The Superior Court of Cobb County denied appellants' motion in abatement as to the third-filed suit and issued an order staying the two other cases, pending the resolution of this case. Appellants appeal. Because the last-filed suit asserted claims identical to ones that were compulsory counterclaims to an

---

earlier-filed suit, the trial court erred in denying the plea in abatement, and we reverse.

In January 1998, shortly after appellants resigned from Tronitec, Tronitec sued appellant Slocum in Cobb State Court for theft of property, misappropriation of trade secrets, and other related claims, but did not seek injunctive relief; Slocum counterclaimed for his final paycheck. In November 1998, Smith, Black, Shealy and Freedom Electronics sued Tronitec in Fulton County Superior Court for defamation and to recover their final paychecks. The day before filing its answer in the Fulton County case, Tronitec initiated this case by filing a suit seeking damages and injunctive relief in Cobb Superior Court against Smith, Black, Shealy, Slocum and Freedom Electronics.[1] In its answer in Fulton County, Tronitec asserted these same claims as "conditional counterclaims." On appeal from interlocutory orders in Fulton County, the Court of Appeals of Georgia held that Tronitec's claims for injunctive relief and damages based on misappropriation of trade secrets were compulsory counterclaims in the Fulton County action;[2] that Tronitec was entitled to summary judgment on the claims against it for defamation; and that the trial court properly denied Tronitec's claims for injunctive relief. Upon remand from the court of appeals the case was transferred to Cobb Superior Court because of a lack of venue in Fulton County. The result of the court of appeals ruling and the transfer is that the following cases and claims, listed in order of filing date, remain: (1) in Cobb State Court, Tronitec's suit against Slocum for damages and Slocum's counterclaim for his final paycheck; (2) in Cobb Superior Court, Shealy, Smith, and Black's claim against Tronitec for their last paychecks and Tronitec's counterclaim against Smith, Black, Shealy and Freedom Electronics for damages only for the misappropriation of trade secrets; and (3) in Cobb Superior Court, Tronitec's suit for injunctive relief and damages for misappropriation of trade secrets against the appellants. This appeal arises from the order in the third-filed case denying the appellants' plea in abatement and staying the two prior-filed cases.

1. OCGA § 9-2-5 provides that "[n]o plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party" and that "the pendency of a former shall be a good defense to the latter." OCGA § 9-2-44 similarly provides that "the pendency of a former action for the same cause of action between the same parties in the same or any other court . . . shall be a good cause of abatement." When a claim should be raised as a com-

---

[1] Tronitec also named another former employee, Daniel Reynolds, as a defendant. Reynolds is not a party to either other suit and is not a party to this appeal.

[2] *Tronitec v. Shealy*, 249 Ga. App. 442, 445 (547 SE2d 749) (2001).

pulsory counterclaim, a party may not raise the claim in a separate action.[3] The court of appeals determined that Tronitec's claims against Smith, Black, Shealy and Freedom Electronics were compulsory counterclaims in the Fulton County action. Therefore, Tronitec was not permitted to assert these same claims in this separate action, and the trial court erred in denying the plea in abatement as to Smith, Black, Shealy and Freedom Electronics. The inability of Tronitec to assert claims for injunctive relief against these parties does not change the result because Tronitec did assert injunctive claims, but the Fulton County trial court determined that those claims could not be brought and the Court of Appeals of Georgia affirmed this ruling.

2. Slocum also contends that this action should be abated as to him because Tronitec previously raised misappropriation claims against him in Cobb State Court. However, Tronitec did not, and could not, assert its claims for injunctive relief in State Court.[4] The jurisdictional inability of Tronitec to raise injunctive claims in State Court distinguishes the claims against Slocum from the injunctive claims against the other appellants. Therefore, the trial court did not err in denying the plea in abatement as to Slocum.

3. OCGA §§ 9-5-1 and 9-5-3 expressly grant superior courts the equitable power to restrain proceedings in another court when there is no adequate remedy at law. This Court has recognized that resort to equity is appropriate to prevent multiple suits on the same issue[5] or where complete relief is unavailable in one court.[6] A trial judge's decision to restrain proceedings "shall always rest in the sound discretion of the judge, according to the circumstances of each case."[7] Under the circumstances of the present case, we discern no abuse of discretion in the trial court's order staying two of the three pending cases. In light of the reversal of the denial of the plea in abatement, the trial court may, in its discretion, reconsider its stay order.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 22, 2003 —
RECONSIDERATION DENIED OCTOBER 17, 2003.

*Lawrence E. Newlin & Associates, Lawrence E. Newlin, Frank R. Olson*, for appellants.
*Richard C. Freeman III, Mabry & McCleland, James T. Budd,*

---

[3] *Holcomb v. Ellis*, 259 Ga. 625 (385 SE2d 670) (1989); *Teague v. First Bank & Trust Co.*, 244 Ga. 360 (260 SE2d 72) (1979).

[4] 1983 Ga. Const. art. 6, sec. 4, par. 1.

[5] *Allstate Ins. Co. v. Hill*, 218 Ga. 430 (128 SE2d 321) (1962).

[6] *Norment v. Wofford*, 246 Ga. 281 (271 SE2d 214) (1980).

[7] OCGA § 9-5-8.

*Smith, Gambrell & Russell, Herbert M. Hanegan, Gray & Hedrick, L. Bruce Hedrick*, for appellee.