A03A1301. MORRIS et al. v. MULLIS et al.
(590 SE2d 823)

PHIPPS, Judge.

Ellie Morris, Martha Sue Morris, and Debra M. Muth (the Morrises) appeal an order of the Superior Court of Atkinson County in which the court declared that they had not acquired a private way or easement across the property of Kay Mullis and Lamar Mullis. They claim that the court made five procedural errors and that its order should be reversed. We find that the court made four errors, and therefore we reverse.

On July 15, 2002, pursuant to OCGA § 44-9-59, the Morrises filed a "Petition to Remove Obstruction from Private Way" in the Probate Court of Atkinson County.[1] In their petition, they alleged that for more than 29 years they had been in continuous and uninterrupted use of a permanent private way over and across land belonging to Lamar Mullis; that Mullis had never taken any steps to prevent them from enjoying the private way; and that Mullis had now obstructed the private way, thereby preventing them access. They sought an order requiring Mullis to remove the obstruction.

On July 22, 2002, Kay and Lamar Mullis filed a "Petition for Declaratory Judgment; for Injunctive Relief; for Damages and for Stay of Proceedings in Probate Court" in the Superior Court of Atkinson County. In their petition, the Mullises alleged that the probate court action was not valid because Kay Mullis, part owner of the land at issue, was not a party to the action. They further alleged that the

---

[1] Ellie Morris had previously filed a "Complaint to Establish Easement for Ingress and Egress" in the Superior Court of Atkinson County, but that action was dismissed before the probate court action was filed.

Morrises had no right to use a road on the Mullises' property without permission and that the Morrises had full access to their property over a road owned by another property owner. The Mullises sought a temporary restraining order precluding the Morrises from entering their property, a stay of the probate court proceedings, a declaration that the Morrises had no right to enter their property, and general damages for any trespass by Ellie Morris. In the petition, counsel for the Mullises certified that he had given no notice to the Morrises of the application for temporary relief. The same day the petition was filed, the superior court: (1) issued a temporary restraining order prohibiting the Morrises from entering or attempting to enter the Mullises' land; (2) stayed the probate court action; (3) consolidated the probate court action and the superior court action; and (4) set a hearing to address both actions for August 8, 2002.

At the August 8 hearing, the superior court announced that it would hear both the probate court action and the superior court action. Counsel for the Morrises objected. At the conclusion of the hearing, the court issued no ruling, but requested briefs from the parties. On August 19, the Morrises filed an answer and counter-claim[2] in the superior court action in which they objected to the con-solidation of the probate court action with the superior court action and requested a jury trial. In an order filed on September 13, the superior court denied the Morrises' request to remand their obstruc-tion petition to probate court because Kay Mullis had not been made a party to the probate court action. The court held that the Morrises had failed to acquire a prescriptive private way or easement over the Mullises' property and denied the Morrises' request for removal of an obstruction.

Before we consider the issues properly before this court, we must briefly address the dissent. The dissent accuses the Morrises of "improper judge shopping" because they dismissed an action in one court and filed a similar action in another. Its characterization of this case as "foiled judge shopping" and its accusations of dishonesty draw attention from the numerous procedural errors committed by the superior court. The record shows that after the Morrises filed their action in superior court, they obtained new counsel who deter-mined that the proper way to obtain the relief sought by his clients was to file an action in probate court to remove the obstruction the Mullises had erected. He therefore dismissed the superior court action and filed a petition to remove an obstruction in probate court.

---

[2] In their counterclaim, the Morrises stated that they were not waiving their objections to the superior court assuming jurisdiction of the probate court action or to the consolidation of the two actions.

There is no merit to the dissent's "judge-shopping" characterization because

> it has been repeatedly held that the intent of the legislature in enacting OCGA § 9-11-41 (a)[, which allows a plaintiff to dismiss an action without prejudice at any time before the plaintiff rests his case,][3] was to give plaintiffs the opportunity to escape untenable positions and relitigate the case. There is no bad faith exception to the right to dismiss and later relitigate, despite whatever inconvenience and irritation this may cause the defendants.[4]

Although it cites no authority for its position, the dissent claims that the Morrises could not utilize OCGA § 9-11-41 (a) because their pleadings were totally inconsistent. In fact, in the superior court action the Morrises dismissed, they claimed to have acquired a prescriptive easement, and in their probate court petition, which was not a verified pleading, they set forth facts that would support a prescriptive easement. Even if it was apparent from the facts set forth in their initial pleading that they would not prevail, the Morrises were entitled to dismiss that action without prejudice.[5]

To support its claim of "improper judge shopping," the dissent relies upon *Sears v. Citizens Exchange Bank of Pearson.*[6] In *Sears*, the defendant against whom a default judgment had been taken moved to reopen the default. When that motion was denied and the time for appeal had passed, the defendant retained new counsel who moved before a different judge of the same superior court circuit a second time to reopen the default judgment. When the trial court granted the second motion to reopen, the plaintiff filed an interlocutory appeal. The *Sears* court stated that "[t]o allow a losing party to bring before a different judge a renewed motion and dispute a ruling on a motion already heard and denied, after the time for appeal has passed, makes a mockery of the principle of res judicata and wholly disregards the rules of appellate procedure."[7] In this case, when the Morrises dismissed their superior court action, no adverse ruling had been issued against them. They did not engage in conduct even remotely similar to the conduct criticized in *Sears*.

---

[3] OCGA § 9-11-41 (a) was amended, effective July 1, 2003. We cite to the Code section in effect at the time the actions at issue were filed. Even under the current version of the Code section, there is no dispute that the Morrises were entitled to dismiss their action without seeking permission from the court.

[4] (Citations omitted.) *Bunch v. Vincent*, 234 Ga. App. 637-638 (2) (507 SE2d 239) (1998).

[5] *Lakes v. Marriott Corp.*, 264 Ga. 475, 478 (448 SE2d 203) (1994).

[6] 166 Ga. App. 840 (305 SE2d 609) (1983).

[7] Id. at 842.

The dissent states that it considers the merits of the underlying cases "to provide the parties with a full and complete resolution of the issues involved in this appeal." But the Morrises do not assert as error or even discuss the ruling on the merits of either case presented to the superior court. Instead, they point out numerous procedural errors committed by the superior court and seek the opportunity to proceed with their action in probate court. We do not consider issues not raised on appeal.[8] Instead, our jurisdiction is limited to the consideration of legal points raised by enumeration of error.[9] In considering the merits and reaching its conclusion that the right party won, the dissent excuses the trial court's errors. We cannot condone such an approach.

1. The Morrises claim that the superior court erred by consolidating the probate court action with the superior court action without their consent.

Pursuant to OCGA § 9-5-3 (a), "[e]quity will not enjoin the proceedings and processes of a court of law, absent some intervening equity or other proper defense of which a party, without fault on his part, cannot avail himself at law." "Even then it should be interposed cautiously."[10] In their petition seeking relief from the superior court and a stay of the probate court proceedings, the Mullises claimed that they had no other adequate remedy to determine their rights because the probate court lacked the power to grant injunctive relief or to award damages.

Although the probate court could not grant the temporary restraining order the Mullises sought, it was clear from their petition, because the required notice was not given, that they were not entitled to such relief.[11] Further, the Mullises never pointed to any damages they suffered. Their petition merely alleged that Ellie Morris may have come onto their property without permission and that, if he did so, they were entitled to any damages he may have caused. Courts of equity will not exercise the power granted by OCGA § 9-5-3 (a) "to allay mere apprehensions of injury, but only where the injury is imminent and irreparable. . . ."[12]

The only real issue was whether the Morrises had acquired a prescriptive right of way across the Mullises' property. The probate court had jurisdiction to decide that issue.[13] Thus, the superior court

---

[8] *Sullivan v. State*, 235 Ga. App. 768, 771 (510 SE2d 136) (1998).

[9] *King v. State*, 133 Ga. App. 426, 428 (3) (211 SE2d 363) (1974), citing *Hess Oil &c. Corp. v. Nash*, 226 Ga. 706, 709 (177 SE2d 70) (1970).

[10] (Citation omitted.) *Morton v. Gardner*, 242 Ga. 852, 856 (252 SE2d 413) (1979).

[11] See Division 4, infra.

[12] (Citation and punctuation omitted.) *Morton*, supra.

[13] See OCGA § 44-9-59 (a).

erred by consolidating the probate court action with the superior court action.[14]

2. The Morrises claim that the superior court erred by trying the declaratory judgment action less than 20 days after the petition was served without the consent of all parties.

OCGA § 9-4-5 provides that an action seeking a declaratory judgment "may be tried at any time designated by the court not earlier than 20 days after the service [of the action], unless the parties consent in writing to an earlier trial." Here, the Mullises' action was served on July 29, and the trial took place ten days later. The Morrises did not consent in writing to an early trial. Under OCGA § 9-4-5, the superior court was not authorized to make an early ruling on any declaratory judgment issue presented in the two cases and its order must be reversed.[15]

Although the dissent initially states that the trial court "properly and timely considered and ruled upon the declaratory judgment action," it then takes the position that "it was the [Morrises'] petition regarding the private way that was actually heard" by the superior court on August 8, 2002, not the declaratory judgment action. The dissent finds that, therefore, the superior court had no obligation to comply with the time requirements of OCGA § 9-4-5. In fact, after an extensive discussion of whether the court would hear only the declaratory judgment action or both actions, the court decided, "I think I'm going to go ahead and hear it all." In addition, contrary to the dissent's claim, the Mullises did present evidence supporting their declaratory judgment action. Thus, the court should have complied with the time requirements of OCGA § 9-4-5.

In addition, the dissent takes the position that even if OCGA § 9-4-5 does apply, its requirements were met because the hearing was conducted more than 20 days after the Morrises filed their probate court action. Equating the filing of the Morrises' own action in probate court with receipt of a declaratory judgment action filed against them is inconsistent with statutory requirements. The 20-day requirement relates to service of the declaratory judgment action and that requirement clearly was not met.

3. The Morrises claim that they were entitled to a jury trial in the declaratory judgment action.

OCGA § 9-4-5 provides for a jury trial in declaratory judgment actions if there is an issue of fact which requires submission to a jury. But the Morrises have not pointed to any such factual issues. The only disputed fact that arose at the superior court hearing was

---

[14] See *Morton,* supra (if the court at law has full power to grant the party all the relief to which he is entitled, there is no ground for equity to exercise jurisdiction).

[15] *Robert W. Woodruff Arts Center v. Insardi,* 266 Ga. 248, 249 (1) (466 SE2d 214) (1996).

whether Ellie Morris had made repairs to the road at issue. The superior court accepted as true Mr. Morris's testimony that he had graded the road in the 1970s, but drew a different conclusion than the one argued by the Morrises. Under the circumstances, a jury trial was not required.[16]

4. The Morrises correctly point out that the Mullises failed to comply with OCGA § 9-11-65 (b) and claim that the trial court should not have granted their request for a temporary restraining order.

It is clear from the Mullises' petition that they did not provide the Morrises with notice of their intent to seek a temporary restraining order. OCGA § 9-11-65 (b) provides that a temporary restraining order may be granted without notice only if:

> (1) It clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition; and (2) The applicant's attorney certifies to the court, in writing, the efforts, if any, which have been made to give the notice and the reasons supporting the party's claim that notice should not be required.

The only part of this statute with which the Mullises complied is the written certification by their attorney about the efforts made to give notice to the Morrises. Their attorney certified that he had given no notice to the Morrises.

Because the requirements of OCGA § 9-11-65 (b) were not met, the superior court lacked authority to grant a temporary restraining order without notice to the Morrises.[17] Thus, the superior court erred by granting the Mullises' request for a temporary restraining order.[18]

The dissent takes the position that because the court may have given the Morrises injunctive relief without requiring proper notice, the Mullises are entitled to the same treatment and the Morrises have no right to complain. The fact that the court may have repeatedly failed to follow the rules regarding the grant of injunctive relief does not preclude either party from complaining of one of those failures.

5. Finally, the Morrises claim that the superior court erred by assuming jurisdiction of the probate court action.

The parties agree that the probate court had jurisdiction to hear

---

[16] See *Aponte v. City of Columbus*, 246 Ga. App. 646, 649 (4) (540 SE2d 617) (2000).
[17] *Mar-Pak Michigan v. Pointer*, 226 Ga. 189 (173 SE2d 206) (1970).
[18] Id.

the Morrises' petition to remove an obstruction from a private way,[19] and that the superior court had concurrent jurisdiction to hear the petition. Where a probate court (formerly a court of ordinary) and a superior court have concurrent jurisdiction over an action, the general rule is that the court first taking jurisdiction will retain it unless some good reason is shown for equitable interference.[20] The only reason given by the superior court for assuming jurisdiction over the probate court action was that Kay Mullis was not a party to the probate court action. But that could have been remedied easily by adding her as a party.[21] We find no valid reason for the superior court to have interfered with the probate court action and reverse its decision on the Morrises' petition to remove an obstruction.

*Judgment reversed. Ruffin, P. J., Miller and Ellington, JJ., concur. Smith, C. J., Andrews, P. J., and Blackburn, P. J., concur in Division 3 and in part as to Division 4 and dissent in Divisions 1, 2, and 5 and the judgment.*

BLACKBURN, Presiding Judge, concurring in Division 3 and in part as to Division 4 and dissenting in Divisions 1, 2, and 5 and the judgment.

This is a case of foiled judge shopping. In a struggle to obtain a prescriptive easement over their neighbors' property, Ellie Morris, Martha Sue Morris, and Debra M. Muth (the Plaintiffs) first filed a petition in superior court and received a temporary easement over the property of Kay Mullis and Lamar Mullis (the Defendants). In this initial pleading, however, the Plaintiffs verified facts under oath establishing that their use of the property was merely permissive, not prescriptive. After changing lawyers and apparently discovering this fatal error, the Plaintiffs voluntarily dismissed their action in superior court, and subsequently filed a complaint in probate court contending that they already had a prescriptive easement and asking the probate court to enjoin the Defendants from obstructing the Plaintiffs' use of that easement. Tellingly, the Plaintiffs omitted any reference to the facts establishing their permissive use of the property in the probate court action.

The Plaintiffs' attempt to benefit from this judge shopping was prevented when the Defendants filed a declaratory judgment action regarding the easement before the same superior court judge who presided over the Plaintiffs' original case. That judge properly consol-

---

[19] See OCGA §§ 15-9-30.1; 44-9-59 (a).

[20] *Breeden v. Breeden*, 202 Ga. 740, 741 (6) (44 SE2d 667) (1947); see OCGA § 23-1-5; see also *Salter v. Salter*, 209 Ga. 511, 512 (2) (74 SE2d 241) (1953) (if the plaintiff can obtain full and adequate relief in the probate court, superior court will not assume jurisdiction).

[21] See OCGA § 9-11-19 (a).

idated the Plaintiffs' action from the probate court with the Defendants' superior court action, thereby taking into account all of the relevant facts of the case, including the Plaintiffs' evidentiary admission of permissive use of the property. Based on this plain, unequivocal evidence, the superior court determined that the Plaintiffs had no prescriptive easement over the Defendants' land.

Despite the evident gamesmanship of the Plaintiffs, the superior court's broad equitable authority to consolidate cases to prevent duplicity of actions, and the clear evidence that no prescriptive easement was established in this case, the majority concludes that the superior court erred by consolidating and taking jurisdiction over the Plaintiffs' probate court action. Such a conclusion, however, breathes new life into the unacceptable judge shopping which the superior court rightly terminated below. I cannot agree with such an unjust and unnecessary result.

And, contrary to the majority, OCGA § 9-11-41 (a) did not allow the Plaintiffs to circumvent the ramifications of their own sworn testimony. While it is true that "[t]he legislative intent behind the enactment of OCGA § 9-11-41 (a) was to afford a plaintiff, faced with a contrary verdict or other untenable position, a second chance to litigate his dispute," (punctuation and emphasis omitted) *C & S Indus. Supply Co. v. Proctor & Gamble Paper Products Co.*,[22] that statute does not give any party a license to lie to the courts by raising one set of facts under oath in the original action and an opposing set of facts in a second, renewed action. A party may raise an inconsistent legal theory of recovery in a second action, but that party cannot raise inconsistent verified facts. In this case, the facts asserted in one action or the other were an intentional misrepresentation to the court under oath. The trial court ultimately resolved this issue contrary to the Plaintiffs' interests.

Additionally, the majority states: "In considering the merits and reaching its conclusion that the right party won, the dissent excuses the trial court's errors." To the contrary, as discussed below, this dissent simply concludes that the trial court did not commit the procedural errors claimed by the Plaintiffs. And, in the absence of any such errors, we are absolutely bound to affirm the trial court's ruling in this case *without having to engage in any discussion of the sufficiency of the evidence at all*. The Plaintiffs failed to challenge the adequacy of the evidence against them and only challenged the jurisdiction of the superior court to consider its case. As such, Plaintiffs waived any consideration of the sufficiency of the evidence.

---

[22] *C & S Indus. Supply Co. v. Proctor & Gamble Paper Products Co.*, 199 Ga. App. 197 (404 SE2d 346) (1991).

Nevertheless, since this has been a longstanding and bitterly fought dispute between neighbors, a discussion of the law underlying the Plaintiffs' claims and the accuracy of the superior court's resolution of the matter has been included herein to provide the parties with a full and complete resolution of the issues involved in this appeal.

Specifically, I must respectfully dissent in this case because: (1) the trial court correctly ruled that the Plaintiffs failed to demonstrate they had acquired a prescriptive easement over the property of the Defendants; (2) the Plaintiffs engaged in improper judge shopping, "a practice that courts abhor," *Sears v. Citizens Exchange Bank of Pearson*;[23] (3) the trial court properly consolidated separate actions filed by the parties in superior court and probate court; (4) the trial court properly and timely tried a declaratory judgment action brought by the Defendants, pursuant to OCGA § 9-4-5. I concur in part with the majority and write separately that: (5) the Plaintiffs were not entitled to a jury trial regarding the establishment of the alleged easement and (6) the Plaintiffs' contention that the trial court erred by granting a temporary restraining order to the Defendants pending resolution of their declaratory judgment action is now moot.

The record shows that this matter involves a longstanding dispute between the Plaintiffs and the Defendants regarding the right of the Plaintiffs to travel across real property owned by the Defendants. This dispute precipitated a number of legal actions on the issue.

First, in March 2002, Ellie Morris filed a verified "complaint to establish easement for ingress and egress" in the Superior Court of Atkinson County. In this complaint, Ellie Morris sought to establish a prescriptive easement over the private way in question, stating in the complaint, among other things: "Plaintiff has asked defendant for an easement several times and *the defendant has refused to grant plaintiff an easement.*" (Emphasis supplied.)

In connection with the filing of Ellie Morris's complaint, the superior court granted an ex parte temporary easement on March 18, 2002,[24] and a hearing on the matter was scheduled for April 23, 2002. This temporary easement granted Ellie Morris and his family, among others, temporary use of the private way; restrained the Defendants from taking any action to prevent Morris's use of the easement; and ordered Defendants to remove any barriers obstructing Morris's use. There is no indication in the record that the April 23, 2002 hearing was ever held, and no permanent easement was

---

[23] *Sears v. Citizens Exchange Bank of Pearson*, 166 Ga. App. 840, 842 (305 SE2d 609) (1983).

[24] On the following day, Ellie Morris verified and executed the complaint.

ever granted. Thus, pursuant to OCGA § 9-11-65 (b), the temporary easement expired 30 days after it was granted.

At some time prior to July 15, 2002, however, after obtaining different counsel, Ellie Morris voluntarily dismissed the original superior court action and immediately filed a new action, a "Petition to Remove Obstruction from Private Way" in the Probate Court of Atkinson County. Contrary to their position of seeking to establish an easement under their verified complaint in the superior court action, the Plaintiffs contended in the new action that they already had prescriptive title. Tellingly, Plaintiffs deleted from the new complaint any reference to their prior admission regarding the Defendants' explicit refusal to grant an easement over the property. The Plaintiffs attempted to argue in the probate court action that they already had the very easement that they were trying to establish in the prior dismissed superior court action.

One week later, on July 22, 2002, the Defendants filed an action in the Superior Court of Atkinson County, asking that the court, among other things, grant a declaratory judgment regarding the establishment of a prescriptive easement and to stay the proceedings brought by the Plaintiffs in the probate court. In response, the superior court issued a TRO against the Plaintiffs preventing them from using the Defendants' property; stayed the proceedings initiated by the Plaintiffs in the probate court; consolidated before itself the Plaintiffs' probate court action with the Defendants' superior court action; and set a hearing to consider both actions. Following that hearing, the superior court determined that the Plaintiffs had failed to establish a prescriptive easement over the Defendants' property, and the Plaintiffs appealed.

1. Based on the facts of record, the superior court correctly determined that the Plaintiffs' use of the Defendants' property was permissive, and, as such, they did not acquire a prescriptive easement across the Defendants' property.

"It is fundamental that prescription is to be strictly construed." (Punctuation omitted.) *Trednick v. Kramer*.[25] See also *Moody v. Degges*[26] ("Georgia courts have strictly construed the elements of OCGA § 44-9-1 against the party who asserts a right of entry over the lands of another"). If a would-be prescriber fails to show any of the elements necessary to establish prescriptive rights, he cannot recover. *Eileen B. White & Assoc. v. Gunnells*.[27]

Furthermore, "[a] private way may not be acquired by prescription where use of the private way is with the owner's permission

---

[25] *Trednick v. Kramer*, 190 Ga. App. 684, 685 (379 SE2d 633) (1989).
[26] *Moody v. Degges*, 258 Ga. App. 135, 137 (573 SE2d 93) (2002).
[27] *Eileen B. White & Assoc. v. Gunnells*, 263 Ga. 360 (434 SE2d 477) (1993).

until an adverse claim is made and actual notice is given to the owner or party in possession." (Punctuation omitted.) *Lopez v. Walker.*[28] The owner's permission to use a private way need not be expressly given: "permission can be implied." *Thompson v. McDougal;*[29] *Gunnells,* supra. Although a would-be prescriber may give notice of an adverse claim by keeping the road in repair, such notice will be found only where there is evidence that the repairs were made with the intent to appropriate the road as his own. *Gunnells,* supra; see also *Irwin County v. Owens.*[30]

Under the facts of this case, the Plaintiffs have wholly failed to establish that their use of the Defendants' property was prescriptive rather than permissive. The Plaintiffs, in their original complaint brought in the superior court, admitted that: "Plaintiff has asked defendant for an easement several times and the defendant has refused to grant plaintiff an easement." Further testimony supported this statement by showing that the Plaintiffs had tried without success to purchase an easement over the Defendants' land.

This plain and unequivocal admission that the Plaintiffs had never established a prescriptive use of the land contained in the original pleadings of the Plaintiffs' dismissed superior court action weighs heavily against them in the subsequent action initiated by the Defendants.

> Statements in pleadings are considered as judicial and not as evidential admissions, and for these purposes, until withdrawn or amended, are conclusive. . . . When such admissions in pleadings are introduced as evidence in a later and different action, they no longer operate as admissions in judicio but, rather, as evidentiary admissions. As evidence, such admissions may be explained or contradicted.

(Citations omitted.) *Foster v. State.*[31]

The Plaintiffs have provided no evidence explaining or contradicting their prior admission. To the contrary, Ellie Morris testified at the August 8, 2002 hearing that he knew he had *permission* to cross the Defendants' land, and that he never informed the Defendants that he had an adverse claim to their property. Furthermore, the record is completely devoid of any evidence showing that the Plaintiffs made repairs to the road with the intent to adversely possess it. Based on this evidence, the trial court properly held that the Plain-

---

[28] *Lopez v. Walker,* 250 Ga. App. 706, 707-708 (1) (551 SE2d 745) (2001).
[29] *Thompson v. McDougal,* 248 Ga. App. 270, 271 (546 SE2d 44) (2001).
[30] *Irwin County v. Owens,* 256 Ga. App. 359, 362 (2) (568 SE2d 578) (2002).
[31] *Foster v. State,* 157 Ga. App. 554, 555-556 (278 SE2d 136) (1981).

tiffs had not acquired a prescriptive right to cross the Defendants' land.

2. The Plaintiffs, in shifting their action from the superior court to the probate court, engaged in inappropriate forum shopping. As stated above, the record shows that, in their initial pleading before the superior court, the Plaintiffs verified facts under oath establishing that their use of the Defendants' property was permissive, not prescriptive. Superior Court Judge Blitch issued the original ex parte TRO for the Morrises, based upon their representations and the verified complaint in that action. The Plaintiffs then attempted to circumvent their own admissions of fact before Judge Blitch in the superior court, by voluntarily dismissing that action rather than amending it. They then filed a complaint in probate court which was directly contradictory to the verified factual representations made to Judge Blitch in the superior court complaint. In the new probate court action Plaintiffs contended that they already had a prescriptive easement and asked the probate court to enjoin the Defendants from obstructing their use of that easement. The Plaintiffs omitted any reference to the superior court action, or the verified complaint therein, in which they acknowledged their permissive use of the property when filing the new probate court action.

Such judge shopping is unjust, unfair, and cannot be condoned by this Court. See *Sears*, supra. I believe that this Court must affirm the findings of the superior court, which effectively shut down the Plaintiffs' attempt to avoid bearing the onus of their own evidentiary admission in the superior court through dismissal of that action and refiling in a different court, rather than amending the superior court complaint, because of the directly conflicting verified factual assertions in the two actions.

3. The Plaintiffs erroneously contend that the superior court abused its discretion by consolidating their probate court action with the Defendants' superior court action.

> OCGA §§ 9-5-1 and 9-5-3 expressly grant superior courts the equitable power to restrain proceedings in another court when there is no adequate remedy at law. This Court has recognized that resort to equity is appropriate to prevent multiple suits on the same issue or where complete relief is unavailable in one court. A trial judge's decision to restrain proceedings "shall always rest in the sound discretion of the judge, according to the circumstances of each case."

(Footnotes omitted.) *Smith v. Tronitec, Inc.*[32]

---

[32] *Smith v. Tronitec, Inc.*, 277 Ga. 210, 212 (3) (586 SE2d 661) (2003).

"Equity will assume jurisdiction for the purpose of preventing a multiplicity of suits, the general principle being that the necessity of multiple suits in itself constitutes the inadequacy of remedies at law which confers equitable jurisdiction." *Allstate Ins. Co. v. Hill.*[33] See also OCGA § 9-5-4 (the avoidance of "circuity and multiplicity of actions" is a circumstance which authorizes equity to restrain trespasses). Moreover, "[e]quity seeks always to do complete justice. Hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject matter of the action, provided the court has jurisdiction for that purpose."[34]

The Plaintiffs nonetheless contend that their written consent was required for consolidation pursuant to OCGA § 9-11-42 (a).[35] However, that statute applies only when two actions which raise common questions of fact or law are pending before the same court. See *Norment v. Wofford.*[36] In this case, the trial court was authorized to take jurisdiction of the Plaintiffs' probate court action and consolidate it with the Defendants' superior court action pursuant to OCGA § 9-5-3. Id.

The majority overlooks the superior court's equitable authority to consolidate, in its contention that the Defendants could not show that they were entitled to injunctive relief or damages because they sought only to enjoin future trespasses and presented no evidence of damages. "However, while it is well settled that a mere apprehension of injury will not justify equitable relief, this does not mean that one is barred from seeking such relief until after the injury is inflicted." *Newport Timber Corp. v. Floyd.*[37] Where a party has notice that another intends to resume some offending conduct, the party need not wait for an overt injury before asserting his rights. Id. See also *Pruitt v. Keenan.*[38]

The Defendants certainly had ample notice from both the original superior court action and the subsequent probate court action that the Plaintiffs were determined to resume their practice of crossing the Defendants' land. As such, the Defendants had reason to fear the escape of cattle from their land and the liability this might cause. Cattle had escaped in the past when the Plaintiffs used the private

---

[33] *Allstate Ins. Co. v. Hill,* 218 Ga. 430, 433 (2) (128 SE2d 321) (1962).
[34] OCGA § 23-1-7.
[35] OCGA § 9-11-42 (a) provides:
When actions involving a common question of law or fact are pending before the court, if the parties consent, the court may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.
[36] *Norment v. Wofford,* 246 Ga. 281 (271 SE2d 214) (1980).
[37] *Newport Timber Corp. v. Floyd,* 247 Ga. 535, 538 (1) (277 SE2d 646) (1981).
[38] *Pruitt v. Keenan,* 264 Ga. 279, 280 (1) (443 SE2d 842) (1994).

way. The Defendants were not required to wait for more cattle to escape before asserting their rights. See *Newport Timber*, supra; *Pruitt*, supra.

The fact that the Defendants later abandoned their claims for an injunction and damages does not change this result. As it considered whether to restrain the probate court and consolidate the two actions, the trial court could base its decision only on the contents of the Defendants' complaint at the time. The trial court could not prognosticate that the Defendants would abandon their equitable claims after it ruled that the Plaintiffs had not acquired prescriptive rights. Thus, because the Defendants' complaint asserted "more than a bare fear of injury," *Newport Timber*, supra, and requested relief not available in the probate court, *Evans v. Little*[39] (the probate court is without jurisdiction to resolve disputes involving equitable claims), the superior court did not err in restraining the probate court and in consolidating the two actions.

4. Contrary to the Plaintiffs' contentions, the superior court properly and timely considered and ruled upon the declaratory judgment action brought by the Defendants.

The Plaintiffs contend that, pursuant to OCGA § 9-4-5, the superior court was not authorized to hold a trial of the Defendants' declaratory judgment action until 20 days after service of that action. This argument is misplaced.

An examination of the August 8, 2002 hearing transcript reveals that it was the Plaintiffs' petition regarding the private way that was actually heard. No evidence was taken regarding the Defendants' claims. Therefore, OCGA § 9-4-5 has no application to the hearing in question.

Instead, the hearing was controlled by OCGA § 44-9-59 which requires that "upon the petition being filed" the trial court "shall" issue a rule nisi directing the defendants to show cause why the obstruction in the private way should not be removed. The statute's only requirement as to the timing of the hearing is that the defendants must be served with notice of the hearing at least three days prior to the hearing date. Id. On July 22, 2002, the Mullises filed their superior court action and obtained the TRO which set the hearing date. These documents were served on the Morrises on July 29, 2002. The hearing was held on August 8, 2002. As notice of the hearing was served on the Morrises ten days prior to the hearing, the Mullises complied with OCGA § 44-9-59 (a).

Moreover, even if OCGA § 9-4-5 applied to this case, the facts show that the 20-day requirement of the statute was fulfilled. The

---

[39] *Evans v. Little*, 246 Ga. 219, 221 (271 SE2d 138) (1980).

Morrises filed their probate court action on July 15, 2002. The hearing in that action was held on August 8, 2002, 24 days later. The trial court did not err in holding the hearing on August 8, 2002.

5. The Plaintiffs erroneously contend that they were improperly denied a jury trial. In addition to the reasons cited by the majority, the Plaintiffs' argument is untenable because they did not demand a jury trial until after the August 8, 2002 hearing had occurred. Moreover, even if the Plaintiffs had made a timely demand for a jury trial, they did not object to the court proceeding without a jury. "A demand for a jury trial is impliedly waived where the party making the demand participates in a bench trial without objection." *Matthews v. Matthews.*[40] See also *Servisco, Inc. v. R.B.M. of Atlanta.*[41]

6. Finally, the Plaintiffs contend that the superior court erred in granting the Defendants' request for the TRO, arguing that Defendants failed to certify in writing "the efforts, if any, . . . made to give the notice and the reasons supporting the party's claim that notice should not be required." OCGA § 9-11-65 (b) (2). This enumeration, however, is now moot in light of the trial court's finding that the Plaintiffs had not acquired prescriptive rights to the private way. Moreover, having themselves obtained an ex parte restraining order in their superior court action without certifying that any attempt was made to give notice to the Defendants, the Plaintiffs should be estopped from raising a similar failure by the Defendants. See OCGA § 23-1-10.

For all the reasons set forth above, the superior court did not err in ruling that the Plaintiffs were not entitled to a prescriptive easement across the Defendants' property.

I am authorized to state that Chief Judge Smith and Presiding Judge Andrews join in this dissent.

DECIDED DECEMBER 1, 2003 — 

*Cheney & Cheney, Curtis V. Cheney, Jr.*, for appellants.
*Berrien L. Sutton, Bryant H. Bower, Jr.*, for appellees.

---

[40] *Matthews v. Matthews*, 268 Ga. 863, 864 (2) (494 SE2d 325) (1998).
[41] *Servisco, Inc. v. R.B.M. of Atlanta*, 147 Ga. App. 671, 672 (2) (250 SE2d 10) (1978).